UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AKLILU YOHANNES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OLYMPIC COLLECTION, INC., *et al.*,<br><br>　　　　　Defendants. | Case No. C17-509RSL<br><br>ORDER DENYING MOTION<br>TO COMPEL AND MOTION<br>FOR SANCTIONS |

　　　　This matter comes before the Court on plaintiff's "Motion to Compel," Dkt. # 24, and "Motion for Sanctions," Dkt. # 28. The Court has reviewed the parties' memoranda, declarations, and exhibits. For the reasons explained below, plaintiff's motions are DENIED.

　　　　Plaintiff, proceeding *pro se*, is suing debt collector Olympic Collection, Inc., and several of its employees and agents over a collection action that plaintiff alleges violated federal law. See Dkt. # 1. He brings the instant motions based on asserted deficiencies in defendants' initial disclosures, and certain statements in defendants' motion to dismiss and that motion's reply.

　　　　Federal Civil Rule 37(a)(3)(A) provides parties a remedy when an opposing party "fails to make a disclosure required by Rule 26(a)." Rule 37 also requires, however, that a movant make a good faith effort to resolve issues without court action and to confer or attempt to confer with the person or party failing to make the disclosure. Fed. R. Civ. P. 37(a)(1). Plaintiff appears to have exchanged several emails with defense counsel, some of which while counsel was out of town, and had one brief conversation with counsel with no follow up. From the emails that were exchanged, plaintiff and defense counsel appear, at least partially, to simply misunderstand each

ORDER DENYING MOTION TO COMPEL AND MOTION FOR SANCTIONS - 1

other. The Court will not issue an order compelling discovery until the parties have at least met or conferred regarding plaintiff's issues with defendants' initial disclosures. To aid the parties when they do meet or confer, however, there appear to be some deficiencies with both parties' initial disclosures and the Court encourages the parties to work together to resolve them.

In addition, some of the information plaintiff seeks may be obtainable through less harsh discovery tools. For example, the Civil Rules give plaintiff the ability to depose relevant individuals and to serve defendants with interrogatories requesting information relevant to plaintiff's claim. The Court encourages plaintiff to make use of those tools.

The Court also denies plaintiff's motion for Rule 11 sanctions. "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." Operating Engineers Pension Tr. v. A-C Co., 859 F.2d 1336, 1345 (9th Cir. 1988). A disagreement with the arguments in a brief "does not demonstrate that [counsel] lacked the requisite good faith in attempting to advance the law." Hurd v. Ralphs Grocery Co., 824 F.2d 806, 811 (9th Cir. 1987). Plaintiff's motion mostly argues against the substance of defendants' motion to dismiss and that motion's reply. The Court will reserve its evaluation of those arguments for the merits of that motion.

The Court is mindful that plaintiff is litigating this matter *pro se*, but nonetheless does not look favorably on the needless or excessive employment of harsh discovery tactics like seeking an order to compel or sanction defendants, especially if the parties have not conferred to resolve an issue. Plaintiff is admonished to use the conventional tools of discovery and attempt good faith resolution of discovery disputes before invoking similar remedies in the future.

For the foregoing reasons, plaintiff's motions, Dkt. ## 24, 28, are DENIED.

DATED this 7th day of December, 2017.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO COMPEL AND MOTION FOR SANCTIONS - 2