UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AKLILU YOHANNES,

Plaintiff,

v.

OLYMPIC COLLECTION, INC., *et al.*,

Defendants.

Case No. C17-509RSL

ORDER GRANTING IN
PART DEFENDANTS'
MOTION TO DISMISS

This matter comes before the Court on "Defendants' Motion to Dismiss." Dkt. # 20. The question for the Court on a motion to dismiss is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). All well-pleaded allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. In re Fitness Holdings Int'l, Inc., 714 F.3d 1141, 1144-45 (9th Cir. 2013). If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010). As plaintiff Mr. Yohannes is the non-moving party and is unrepresented by

counsel, the Court construes Mr. Yohannes' pleadings liberally. See Bernhardt v. Los Angeles Cty., 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe *pro se* pleadings liberally, including *pro se* motions as well as complaints.").

Having reviewed the complaint, the docket from the proceedings against Mr. Yohannes in state court,[1] and the parties' memoranda, the Court finds as follows:

## BACKGROUND

Plaintiff Aklilu Yohannes is a government employee who works for the Federal Aviation Administration. Around April 28, 2016, Mr. Yohannes received a letter from his employer about a garnishment order against his wages. The garnishment order arose from an alleged debt owed to Baker Dental Implants & Periodontics in Edmonds, WA dating back to 2005 or 2006. On March 1, 2006, a lawsuit was filed against Mr. Yohannes in Snohomish County District Court. A default judgment was entered against Mr. Yohannes on May 1, 2006. Mr. Yohannes maintains that he was never served and had no knowledge of the lawsuit or the default judgment until almost ten years later when the garnishment order arrived.

---

[1] Although the Court generally does not consider any materials beyond the pleadings in a Rule 12(b)(6) motion, the Court may consider certain documents that form the basis of the plaintiff's claim. See Friedman v. AARP, Inc., 855 F.3d 1047, 1051 (9th Cir. 2017). In this case, the Court takes judicial notice pursuant to Fed. R. Ev. 201(b)(2) of the docket from the district court in Snohomish County where the default judgment was entered against plaintiff Mr. Yohannes. See Dkt. # 22, Ex. 1.

Right before the default judgment was set to expire,[2] defendants attempted to collect.[3] On April 6, 2016, an application and writ of garnishment was entered in the amount of $ 1,886.67. On April 7, 2016, Mr. Yohannes' employer was added as a participant. On April 22, 2016, an answer to the writ was filed.

On May 1, 2016, the default judgment against Mr. Yohannes expired. On May 9, 2016, the first check arrived from Mr. Yohannes' employer to the county district court in the amount of $ 623.72 and was forwarded to defendants. Around May 18, 2016, plaintiff spoke with someone at his office who processed the garnishment order and informed that person about irregularities contained within the order. Plaintiff alleges that around this date there were a number of teleconferences between Mr. Yohannes' employer and defendants. Plaintiff asserts that during these conversations, defendant Cable falsely represented herself as an attorney, and she falsely claimed that Mr. Yohannes was negotiating with defendants to settle the debt. On May 23, 2016, a second check arrived in the amount of $ 673.72 to the county court from plaintiff's employer. Mr. Yohannes alleges that around the end of May 2016, he informed defendants of his intention to file a lawsuit, and defendants refunded the money to Mr. Yohannes. A release of the writ of garnishment was filed on May 26, 2016.

---

[2] RCW 6.27.010(1) provides that a garnishment must be executed within ten years from the entry of the judgment.
[3] Defendant Olympic Collection, Inc. is a debt collection company, and its employees include defendant Farooq Ansari and defendant Susan Cable. Defendant Norman Martin is the attorney who represented the company in the collection actions against Mr. Yohannes.

ORDER GRANTING IN
PART DEFENDANTS'
MOTION TO DISMISS - 3

Even though the money was returned, Mr. Yohannes maintains that he was harmed by defendants' attempts to collect the alleged debt. Mr. Yohannes offers that there were irregularities in the garnishment order which caused the order to be rejected by the first district court in Lynnwood on February 23, 2016, before it was then presented unchanged to the Everett district, which granted the order. Additionally, Mr. Yohannes maintains that defendant Cable's misrepresentations harmed plaintiff's reputation at work and his record with his employer. The garnishment order remains on file at plaintiff's work, and the file shows that plaintiff settled a valid debt with defendants. Plaintiff asserts that this entry in his file is false and has harmed his job prospects. He also alleges that defendants' actions have caused embarrassment to plaintiff and negatively impacted his credit history and financial prospects. Plaintiff now seeks to redress these injuries before this Court.

## DISCUSSION

In his complaint, plaintiff asserts twelve causes of action against defendants based on violations of various federal laws and common law fraud and defamation. On July 6, 2017, defendants filed a motion to dismiss all claims. Each of plaintiff's claims is addressed below.

Plaintiff's claims 1-3 allege violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq.* Claims 1 and 2 allege that defendants used false and deceptive means to attempt to collect the debt, including that defendant Cable falsely represented herself as an attorney. Claim 3 alleges violations of 15 U.S.C. § 1692c(b),

which restricts communications between debt collectors and third parties. These claims are sufficiently supported by plaintiff's complaint, which alleges various misrepresentations and abuses of the legal system in an attempt to unlawfully collect a debt. These claims may proceed.

In claim 4, plaintiff asserts that defendants violated federal law based on the "lack of meaningful attorney involvement" of defendant Martin. Dkt. # 1 ¶¶ 48-50. The statutory provision that plaintiff cites is 15 U.S.C. § 1592j.[4] This provision states that a party cannot pretend to have an interest in a debt when that party does not in fact have any interest. There is nothing within this section that speaks to the requirement of "meaningful attorney involvement" as alleged in plaintiff's complaint. Therefore, claim 4 is DISMISSED.

Claim 5 asserts the same "lack of meaningful attorney involvement" in violation of the Consumer Finance Protection Act (CFPA), 12 U.S.C. §§ 5531, 5536. In their motion to dismiss, defendants correctly posit that CFPA violations do not provide a private right of action. See, e.g., Diaz v. Argon Agency Inc., No. C15-451, 2015 WL 7737317, at *3 (D. Haw. Nov. 30, 2015) (collecting cases finding that no private right of action exists under the CFPA). Plaintiff argues in his response, however, that a violation of the CFPA can support a cause of action under Washington's Consumer Protection Act

---

[4] The statute reads that "[i]t it is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating." 15 U.S.C. § 1592j(a).

(CPA), RCW 19.86 *et seq.* Dkt. # 22 at 9. To the extent that claim 5 is based on a direct violation of the CFPA, claim 5 is DISMISSED. However, plaintiff is GRANTED leave to amend his complaint to include violations of Washington's Consumer Protection Act that might be premised on violations of the CFPA or other unfair or deceptive acts.

Claim 6 alleges violations 5 U.S.C. § 552a(i)(3). Defendants assert that the statutory provision cited by plaintiff "does not exist." Dkt. # 20-1 at 11. Defendants are incorrect. The statute cited by plaintiff provides criminal liability for "[a]ny person who knowingly and willfully requests or obtains any record concerning an individual from an agency under false pretenses[.]" 5 U.S.C. § 552a(i)(3). Nevertheless, this is a civil case brought by a *pro se* plaintiff rather than a criminal case brought by the government. Claim 6 is DISMISSED.

Claim 7 alleges violations of 15 U.S.C. § 1681s-2 of the Fair Credit Reporting Act. Private rights of action under § 1681s-2 are limited to violations of subsection (b). See Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1154 (9th Cir. 2009). Subsection (b) imposes certain duties on furnishers of information upon notice of a dispute from a credit reporting agency. Notice of a dispute received directly from the consumer does not trigger these duties. Id. Because plaintiff does not assert that defendants received any notice of a dispute from a credit reporting agency, claim 7 is DISMISSED.

In claim 8, plaintiff asserts violations of the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801 *et seq.*, which requires financial institutions to protect their customers' nonpublic

ORDER GRANTING IN
PART DEFENDANTS'
MOTION TO DISMISS - 6

personal information. Specifically, plaintiff alleges that defendants unlawfully sent a fax to plaintiff's employer that included his social security number. There is, however, no private right of action under the Act. See Enriquez v. Countrywide Home Loans, FSB, 814 F. Supp. 2d 1042, 1061 (D. Haw. 2011). Claim 8 is DISMISSED.

Claim 9 challenges defendants' methods of faxing the "Release of Writ of Garnishment" to plaintiff's employer. Specifically, plaintiff alleges violations of 47 U.S.C. § 227(d)(1)(B) and RCW 19.16.250(19). The federal statute cited by plaintiff, from the Telephone Consumer Protection Act, does not confer a private right of action. See Boydston v. Asset Acceptance LLC, 496 F. Supp. 2d 1101, 1110 (N.D. Cal. 2007) (finding that "the TCPA does not provide a private right of action for violations of the technical and procedural standards imposed by section 227(d)"). The Washington statute, RCW 19.16.250(19), restricts collection agencies from blocking their number on a debtor's telephone. Plaintiff asserts that the violation occurred when defendants sent a fax to plaintiff's employer, but the employer is not a debtor. Therefore, claim 9 is DISMISSED.

Claim 10 alleges an "abuse of delegated authority" by defendant Martin, the attorney for Olympic Collection, Inc. Although the complaint does not make clear the substance of this claim, plaintiff's response clarifies that he means to challenge the constitutionality of Washington law that allows an attorney to issue a writ of garnishment. Dkt. # 22 at 17. The Court GRANTS plaintiff leave to amend his complaint

to properly raise this constitutional challenge to RCW 6.27. Claim 10, as currently alleged, is DISMISSED.

Finally, plaintiff asserts common law claims of defamation and fraud. Based on all of the facts offered in the complaint, plaintiff has plausibly stated these causes of action. Plaintiff describes misrepresentations by defendant Cable that were published to his employer, and he further offers that defendants knowingly falsified material facts in the writ of garnishment that amounted to fraud. Claims 11 and 12 may proceed.

## CONCLUSION

For all of the foregoing reasons, defendants' motion to dismiss is GRANTED with respect to claims 4, 5, 6, 7, 8, 9, and 10. Those claims are DISMISSED. Plaintiff is GRANTED leave to amend his complaint to assert violations of Washington's CPA, challenge the constitutionality of RCW 6.27,[5] and cure any other deficiencies. Plaintiff's amended complaint shall be filed within 30 days of the date of this order.

DATED this 7th day of December, 2017.

Robert S. Lasnik
United States District Judge

---

[5] Plaintiff's response properly notes that any challenge to the constitutionality of state law must include notice to the Attorney General of Washington pursuant to Fed. R. Civ. P. 5.1.