# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# SEATTLE DIVISION

Aklilu Yohannes )
                Plaintiff, )
) No. 2:17-cv-00509-RSL
v. )
)
Olympic Collection Inc (OCI), ) NOTICE OF CONSTITUTIONAL
Farooq Ansari, ) CHALLENGE
Susan Cable, )
Norman L. Martin, )
)
                Defendants. )
)

    To:    Washington State Attorney General
            1125 Washington Street SE
            PO Box 40100
            Olympia, WA 98504-0100

PLEASE TAKE NOTICE that the constitutionality of the authority the State of Washington vests on attorneys of judgment creditors in RCW 6.27 is being challenged at the United States District Court for the Western District of Washington Seattle Division in the first amended complaint filed on December 29, 2017 in the above case.

Notice of Constitutional Challenge      1      Aklilu Yohannes
CASE NO: 2:17-cv-00509-RSL                                        19410 Hwy 99, STE A
                                                                                                 PMB 236
                                                                                                  Lynnwood, WA 98036
                                                                                                  316-644-5057
                                                                                                  aklilu.yohannes.g@gmail.com

The constitutional questions raised in the amended complaint are as follows:

1. RCW 6.27.020 provides, in part, that

> (1) **The clerks of the superior courts and district courts of this state may issue writs of garnishment** returnable to their respective courts for the benefit of a judgment creditor who has a judgment that is wholly or partially unsatisfied in the court from which the garnishment is sought.
>
> (2) **Writs of garnishment may be issued in a district court with like effect by the attorney of record for the judgment creditor**, and the form of writ shall be substantially the same as when issued by the court, except that it shall be subscribed only by the signature of such attorney. (Emphasis added.)

2. The authority conferred on the attorneys of judgment creditors by RCW 6.27 is limited to the district courts where many of the lawsuits against the poor are litigated. In the superior courts of the state, where the lawsuits against the rich and the sophisticated are litigated, the authority for issuing writs is retained by the court.

3. The Fourteenth Amendment to the United States Constitution stipulates that "[n]o state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or

Notice of Constitutional Challenge     2     Aklilu Yohannes
CASE NO: 2:17-cv-00509-RSL                                       19410 Hwy 99, STE A
PMB 236
Lynnwood, WA 98036
316-644-5057
aklilu.yohannes.g@gmail.com

property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

4. Likewise, the Washington State Constitution provides in part;

> Article 1, Section 3: No person shall be deprived of life, liberty, or property, without due process of law."

> Article 1, Section 7: No person shall be disturbed in his private affairs, or his home invaded, without authority of law.

> Article 1, Section 12: No law shall be passed granting to any citizen, class of citizens, or corporation other than municipal, privileges or immunities which upon the same terms shall not equally belong to all citizens, or corporations.

5. When the writ is issued by an attorney, RCW 6.27.105 provides the form of the writ to be revised by including the following note:

> This writ is issued by the undersigned attorney of record for plaintiff under the authority of chapter 6.27 of the Revised Code of Washington and must be complied with in the same manner as a writ issued by the clerk of the court.

6. As a result of the authority that RCW 6.27 confers on attorneys, judicial power for garnishment proceedings in the district courts of Washington is vested in attorneys of judgment creditors.

Notice of Constitutional Challenge  3  
CASE NO: 2:17-cv-00509-RSL

Aklilu Yohannes
19410 Hwy 99, STE A
PMB 236
Lynnwood, WA 98036
316-644-5057
aklilu.yohannes.g@gmail.com

7. Since attorneys engaged in debt collection activities are debt collectors within the meaning of Fair Debt Collection Practices Act (FDCPA), the authority attorneys are conferred with in RCW 6.27 is "authority conferred on debt collectors."

8. Seizure of property through garnishment or other legal means is a state function requiring a neutral judicial review to preserve the core value of due process. Accordingly, it should not be delegated to private individuals or, as in the case of RCW 6.27, to a debt collector attorney who stands to benefit from the garnishment.

9. Since judicial power for garnishment proceedings in the superior courts of Washington is not vested in debt collector attorneys, the authority conferred on debt collectors is limited to the district court cases; thus, the statute does not provide the same level of protection of the law in the district courts as it does in the superior courts of the state.

10. The clerks of the superior court are impartial persons in an action, and, being employees of the state court, the state has the appropriate supervision over their activities. By contrast, debt collector attorneys perform any public function delegated to them independently. The state does not have any oversight program for monitoring the activities of debt collector attorneys; that ensures the authority conferred on them in RCW 6.27 is exercised in accordance with the law and with adherence to the due process requirements of the Fourteenth Amendment.

11. When a Writ of Garnishment is issued by debt collector attorneys, no state official participates in the decision to seek a writ; no state official reviews the basis for the

Notice of Constitutional Challenge    4
CASE NO: 2:17-cv-00509-RSL

Aklilu Yohannes
19410 Hwy 99, STE A
PMB 236
Lynnwood, WA 98036
316-644-5057
aklilu.yohannes.g@gmail.com

claim to the repossession of the property; further, no state official evaluates the need for immediate and involuntary action. There is not even a requirement for the debt collector's attorney to provide any information to the court on these matters. In sum, when the Writ of Garnishment is issued by debt collector attorneys, the state remains largely in the dark. See Fuentes v. Shevin, 407 U. S. 67, 93 (1972).

12. Due to the systematic misuse of the garnishment process by debt collector attorneys and the lack of oversight on the part of the State of Washington with respect to the attorneys, a class of people are being denied equal protection of the law. The Defendants in this case have selected their victims by specializing in the collection of medical and dental bills of low-income families with the intention of targeting those consumers who are struggling in life and therefore least likely to defend their rights. Almost all of the debt collection lawsuits the Defendants brought against consumers on behalf of Defendant Olympic Collection Inc. (OCI) are filed in the district courts of Washington.

13. Attorney debt collectors know that the legal process for securing back wrongfully garnished wages is so burdensome on consumers that in the vast majority of these cases, the consumers are willing to accept disproportional settlement agreements instead of restoring their rights through litigation.

14. Washington State affords debt collectors in the district courts with a simple legal process that allows them to procure judgment against consumers and secure the

Notice of Constitutional Challenge
CASE NO: 2:17-cv-00509-RSL

5

Aklilu Yohannes
19410 Hwy 99, STE A
PMB 236
Lynnwood, WA 98036
316-644-5057
aklilu.yohannes.g@gmail.com

alleged debt with ease by issuing a writ for their own benefit. By contrast, the legal process consumers face for the restoration of wrongful deprivations is time consuming, expensive, and complex. Whenever consumers resort to legal action for the restoration of their rights, debt collectors routinely abuse the complexity of the legal process in higher courts with the intention of winning the case on technical grounds rather than according to the merits of the action. As a result, most Fair Debt Collection Practices Act (FDCPA) lawsuits consumers bring against debt collectors are either abandoned by the consumer or settled with terms that are most favorable to debt collectors.

15. As demonstrated by the details of the case presented against the Defendants in the first amended complaint and from the direct interpretation of the text of the statute, the authority vested in judgment creditor attorneys in RCW 6.27 is being used and can be used for abusive debt collection activities by denying citizens the due process right afforded to them by the Fourteenth Amendment of the United States Constitution and Article 1, Section 3 of the Washington State Constitution. Moreover, the statute does not provide the same level of protection of the law in the district courts as it does in the superior courts. Thus, the authority the State of Washington confers on the attorneys of judgment creditors is unconstitutional both facially and as applied to the Plaintiff. The Defendants in this case abused the authority conferred on attorneys in RCW 6.27 for obtaining the Plaintiff's privacy act protected records from the US Department of Interior (DOI), thereby disturbing the

Notice of Constitutional Challenge   6   Aklilu Yohannes
CASE NO: 2:17-cv-00509-RSL              19410 Hwy 99, STE A
                                        PMB 236
                                        Lynnwood, WA 98036
                                        316-644-5057
                                        aklilu.yohannes.g@gmail.com

Plaintiff's private affairs in violation of the right secured to him by Article 1, Section 7 of the Washington State Constitution.

16. Because RCW 6.27 protects employers from being liable for complying with the Writ of Garnishment issued by the attorneys of judgment creditors, they have no interest in protecting employees from losing their wages to wrongful garnishment. "A garnishment action is 'against' the consumer who is a judgment debtor. Only the judgment creditor and the judgment debtor have any beneficial interest at stake in a garnishment action. The nominal 'defendant' in a wage garnishment, the employer-debtor of the employee-judgment debtor, has no claim to the money garnisheed. The employer's only interest is in not becoming liable to pay the wages to both the employee and the employee's judgment creditor. That danger is avoided by paying the wages into the court, which then determines who is entitled to those funds. The garnishment is not against the employer, it is against the employee-judgment debtor" (*Adkins v. Weltman, Weinberg & Reis Co.*, Civil Action 2:11-cv-00619; S.D. Ohio, Feb. 24, 2012).

17. The authority conferred on the attorneys of the records of judgment creditors in RCW 6.27 is constitutionally defective because; 1) it gives the judgment creditor the power to seize consumers' property without any notice and the opportunity for a hearing before a neutral body, 2) it does not provide equal protection of the law to defendants in debt collection lawsuits at the district court of the state – as applicable to defendants in debt collection lawsuits in the superior courts of the state, 3) denies a

Notice of Constitutional Challenge　　　　　　7　　　　　Aklilu Yohannes
CASE NO: 2:17-cv-00509-RSL　　　　　　　　　　　　　19410 Hwy 99, STE A
　　　　　　　　　　　　　　　　　　　　　　　　　　PMB 236
　　　　　　　　　　　　　　　　　　　　　　　　　　Lynnwood, WA 98036
　　　　　　　　　　　　　　　　　　　　　　　　　　316-644-5057
　　　　　　　　　　　　　　　　　　　　　　　　　　aklilu.yohannes.g@gmail.com

class of citizens a fair, impartial, and neutral hearing before they are deprived of their property, and 4) empowers debt collectors with a means for disturbing citizens private affairs without authority of law.

18. Based on the Plaintiff's review of randomly selected court records for debt collection lawsuits filed by Defendant OCI in the District Courts of Washington in Snohomish and King counties, the signatures of Defendant Martin are routinely forged on court filings of Defendant OCI [see Exhibit 2 of the amended complaint]. Based on this review, the Defendants in this case have been abusing the authority conferred on Defendant Martin for over 10 years.

19. The authority in RCW 6.27 is being abused by other debt collectors as well. For example, in Sprinkle v. SB&C Ltd., 472 F.Supp.2d 1235 (W.D. Wash. 2008), a collection attorney acting on behalf of his client filed a garnishment action against a deployed member of the U.S. Army. The soldier's wife invoked the protections of the Servicemembers' Civil Relief Act, which provides a stay of legal proceedings involving military personnel and thus in Sprinkle required the collector to file an affidavit establishing the defendant's military status. Knowing that the defendant was deployed, the collector nonetheless attempted to obtain a garnishment judgment without filing the requisite affidavit of the defendant's status. The district court held that the collector "took action that could not legally be taken." Sprinkle v. SB&C Ltd., 472 F.Supp.2d 1235,1247 (W.D. Wash. 2008).

20. The abuse of the authority vested in debt collector attorneys in RCW 6.27 has the

Notice of Constitutional Challenge       8       Aklilu Yohannes
CASE NO: 2:17-cv-00509-RSL                19410 Hwy 99, STE A
                                                                PMB 236
                                                                Lynnwood, WA 98036
                                                                316-644-5057
                                                                aklilu.yohannes.g@gmail.com

coercive effect of forcing payments from employees fearful of losing their credibility with their employer, even when the money is exempt from garnishment or the debt is fraudulent.

21. In short, as a result of the authority conferred on attorneys of judgment debtors in RCW 6.27, Washington "state has delegated the traditional roles of judge, jury and sheriff [to debt collector attorneys] without providing for any judicial supervision or other safeguards." Cox Bakeries, Inc. v. Timm Moving & Storage, Inc., 554 F.2d 356, 358 (8th Cir. 1977).

22. A copy of the application for writ of garnishment for Snohomish County District Court Case No. C06-00713 from the Defendants' initial disclosures is included in Exhibit 2 of the amended complaint, [see Exhibit 2 of the amended complaint, Page 2-3], along with three other Applications for writ of garnishments from debt collection lawsuits the defendants filed against consumers on behalf of Defendant OCI, [see Exhibit 2 of the amended complaint, Page 4-9]. The signatures of the notaries on pages 7 and 9 of Exhibit 2 are rubberstamps. Review of these applications reveals, the signatures of Defendant Farooq and Defendant Martin are dated by the same person dating the notary signature. Thus, the applications are falsely notarized.

23. RCW 6.27.060 provides in part, "[t]he judgment creditor <u>as the plaintiff</u> or someone in the judgment creditor's behalf shall apply for a writ of garnishment by affidavit." Emphasis added. The application for the Writ are supposed to be made by the judgment

Notice of Constitutional Challenge	9	Aklilu Yohannes
CASE NO: 2:17-cv-00509-RSL		19410 Hwy 99, STE A
		PMB 236
		Lynnwood, WA 98036
		316-644-5057
		aklilu.yohannes.g@gmail.com

creditor or its agents; however, in the three cases on pages 4-9 of Exhibit 2 of the amended complaint, the applications for the writ are presented by Defendant Martin to himself. In situations like these, where a debt collector attorney presents the application for the writ of garnishment to himself and issues the writ with the authority conferred on him in RCW 6.27, he becomes the plaintiff, attorney to the plaintiff, clerk, jury, judge, and sheriff.

24. Because RCW 6.27.020(1), which provides the issuance of the Writ of Garnishment by court clerks in the district courts of the state, is not being challenged in this action, a holding that the authority conferred on the attorneys of judgment creditors in RCW 6.27 is unconstitutional, will not put fiscal and administrative pressures on the state.

Respectfully submitted this 03 day of January, 2018.

S/ Aklilu Yohannes
Aklilu Yohannes
19410 Hwy 99, STE A
PMB 236
Lynnwood, WA 98036
316-644-5057
aklilu.yohannes.g@gmail.com

Notice of Constitutional Challenge             10            Aklilu Yohannes
CASE NO: 2:17-cv-00509-RSL                                  19410 Hwy 99, STE A
                                                            PMB 236
                                                            Lynnwood, WA 98036
                                                            316-644-5057
                                                            aklilu.yohannes.g@gmail.com