UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AKLIKLU YOHANNES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OLYMPIC COLLECTION, INC., *et al.*,<br><br>　　　　　Defendants. | Case No. C17-509RSL<br><br>ORDER DENYING MOTION<br>FOR DISQUALIFICATION<br>AND DENYING MOTION<br>FOR SANCTIONS |

This matter comes before the Court on plaintiff's "Motion for the Disqualification of the Defendants' Attorney," Dkt. # 52, and defendants' "Motion for Imposition of Sanctions," Dkt. # 54. In the first motion, *pro se* plaintiff Akliklu Yohannes seeks to disqualify defense counsel Michael O'Meara. Washington Rule of Professional Conduct 1.7 provides that an attorney is presumptively disqualified from representing a particular client if representation involves a concurrent conflict of interest. RPC 1.7(a). A concurrent conflict exists if, among other things, there is significant risk that a lawyer's personal interest will materially limit representation of the client. Id.

Mr. Yohannes's most persuasive argument rests on Mr. O'Meara's alleged role in this case's underlying dispute. The complaint stems from defendants' debt-collection efforts, which Mr. Yohannes alleges violated various federal laws. He also alleges that Mr. O'Meara acted as defendants' attorney in those collection efforts and that Mr. O'Meara has a personal interest in this case's outcome because he faces liability for his participation. Mr. Yohannes has not added

ORDER DENYING MOTION FOR DISQUALIFICATION
AND DENYING MOTION FOR SANCTIONS - 1

Mr. O'Meara as a party, so there is no risk of direct liability from this case's outcome. Compare In re Marriage of Wixom & Wixom, 182 Wn.App. 881, 898 (2014) (finding conflict where attorney was also a party to the appeal). Mr. Yohannes does not otherwise identify a particular way in which Mr. O'Meara's personal interests pose a substantial risk of materially limiting his representation of defendants. See RPC 1.7.

Mr. Yohannes's other arguments are either unavailing or irrelevant to whether Mr. O'Meara should be disqualified. Mr. Yohannes alleges various violations of state and federal laws related to debt collection. Mr. Yohannes could sue Mr. O'Meara himself or lodge a complaint with the state bar, but a motion to disqualify is not the proper vehicle for raising those concerns. In addition, assertions in defendants' responsive pleading that Mr. Yohannes simply disagrees with do not amount to frivolous arguments that merit disqualification.

For their part, the defendants move for sanctions, arguing that plaintiff's motion is frivolous and filed in bad faith. Dkt. # 54. Even though the Court denies Mr. Yohannes's motion, the motion does not rise to the level of being worthy of sanctions. Mr. O'Meara's dual role of representing defendants here and in collection efforts at least implicates relevant interests for conflict purposes. The Court has concluded that dual role does not merit disqualification, but the argument is not entirely frivolous.

For the foregoing reasons, Mr. Yohannes's motion to disqualify, Dkt. # 52, is DENIED; and defendants' motion for sanctions, Dkt. # 54, is DENIED.

DATED this 17th day of August, 2018.

*[signature]*
Robert S. Lasnik
United States District Judge