UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AKLILU YOHANNES,

    Plaintiff,

v.

OLYMPIC COLLECTION, INC., *et al.*,

    Defendants.

Case No. C17-509RSL

ORDER DENYING MOTION
FOR PARTIAL SUMMARY
JUDGMENT

This matter comes before the Court on plaintiff's "Motion for Partial Summary Judgment." Dkt. # 41. The Court has reviewed the parties' memoranda, the associated filings, and the remainder of the record. For the following reasons, the motion is DENIED.

## I.     BACKGROUND

The Court has previously laid out this case's facts and allegations, see Dkt. # 31, and will not recite them here in depth. To summarize, this case originates from an unpaid balance of $389.03 that plaintiff Aklilu Yohannes may have incurred more than fifteen years ago at an Everett, WA periodontist. The periodontist's office, which no longer exists, assigned the debt to defendant Olympic Collection, Inc. ("OCI"),[1] in 2006. OCI secured a default judgment against Yohannes, but the $386.03 remained uncollected for a decade and it had somehow ballooned to $1,886.67 by 2016, when the default judgment was about to expire. At that point, OCI

---

[1] In addition to OCI, Yohannes names as defendants OCI president Farooq Ansari, general manager Susan Cable, and Norman Martin, the attorney who represented OCI in legal proceedings associated with the underlying collection. See Am. Compl. (Dkt. # 41) ¶¶ 5–7.

ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT - 1

successfully garnished Yohannes's wages, only to refund the garnishment and drop the matter after Yohannes alleged irregularities with the collection and threatened to sue.

Even after the refund, Yohannes sued anyway. See Am. Compl. (Dkt. # 32). Proceeding *pro se*, he alleges eleven causes of action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, Washington's Consumer Protection Act ("CPA"), RCW 19.86.010 *et seq.*, and state common law.[2] Even though the status of discovery was (and still is) unclear, Yohannes filed this motion seeking summary judgment on Claims 1 through 7.

## II. DISCUSSION

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the burden of informing the Court of the motion's basis and identifying those portions of the record, together with affidavits, that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In evaluating a motion for summary judgment, the Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." Krechman v. Cty. of Riverside, 723 F.3d 1104, 1109 (9th Cir. 2013).

Yohannes bases several claims on alleged deficiencies with the signatures on certain filings involved in the underlying collection. The Court will address the claims based on signatures together and then address the remaining claims in turn.

### A. Claims Based on Signatures

The first group of claims stems from allegations about signatures by defendant Martin, OCI's collection attorney. Yohannes alleges that his signatures on some documents were forged, stamped, or scanned instead of being personally handwritten by Martin. Defendants Martin and Ansari filed sworn affidavits that Martin either personally signed those documents or directed

---

[2] Yohannes filed an amended complaint, Dkt. # 32, after several claims in his first complaint were dismissed, see Dkt. # 31.

ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT - 2

others to stamp them. See Dkts. ## 43, 44. Yohannes does not clearly show how deficient signatures would amount to FDCPA violations, but defendants' affidavits nonetheless create a genuine issue as to whether the signatures were deficient in the first place.

Yohannes's arguments for summary judgment on Claims 2, 5, and 7 stem from the allegedly deficient signatures, and summary judgment is not warranted on those claims. Claim 4 alleges that using the defective signatures constituted the unauthorized practice of law because the signatures violated the signing requirements of Washington Superior Court Civil Rule 11. Summary judgment is not warranted for the reasons explained above, but even were the signatures defective in the ways Yohannes alleges, he does not provide a legal basis why a violation of Washington Civil Rule 11 amounts to the unauthorized practice of law. Summary judgment is not warranted on Claim 4.

**B.    Remaining Claims**

Claim 1 alleges defendants violated 15 U.S.C. § 1692e(10), which prohibits debt collectors from "us[ing] . . . any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Yohannes asserts that several of the collection's legal filings were misleading because Martin did not sufficiently review them or the basis for their filing. Dkt. # 41 at 11; see Bock v. Pressler & Pressler, LLP, 30 F. Supp. 3d 283, 304 (D.N.J. 2014) (holding a complaint in furtherance of a collection is misleading if an attorney was insufficiently involved in its drafting and filing). Defendants filed sworn affidavits from Martin and Ansari attesting that Martin, an attorney, was personally involved in those documents' drafting and filing. See Dkts. ## 43, 44. There is a genuine issue as to Martin's role in that process.

Yohannes also claims false or misleading conduct based on defendant's website, which advertised that the company had an in-house attorney, process server, and legal staff. Yohannes has not adduced evidence that the website was false or misleading (for example, no reproduction of the site is actually in the record). Yohannes otherwise points to responses in defendants' answer, but those responses do not establish that Yohannes is entitled to judgment as a matter of law. Summary judgment is not warranted on Claim 1.

ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT - 3

Claim 3 alleges defendants improperly communicated with third parties in violation of 15 U.S.C. § 1692c(b). That provision prohibits some third-party contacts, but does not apply to communications "reasonably necessary to effectuate a postjudgment judicial remedy." Id. Defendants reasonably assert the communications were made in furtherance of effectuating the 2006 judgment against Yohannes. Summary judgment is not warranted on Claim 3.

Claim 6 alleges defendants violated 15 U.S.C. § 1692e(2)(A), which prohibits asserting a "false representation of . . . the character, amount, or legal status of any debt." The allegedly false representation at the heart of this claim is apparently a response defendants submitted to a complaint Yohannes filed with the Consumer Financial Protection Bureau. See Dkt. # 41 at 20–21. Yohannes's motion does not demonstrate that this kind of a discrepancy would amount to an false representation actionable under the statute. In any event there remains a genuine issue of material fact, because Yohannes fails to cite where those responses appear in the record and fails to demonstrate they were actually false. Summary judgment is not warranted on Claim 6.

### III. CONCLUSION

For the foregoing reasons, plaintiff's motion, Dkt. # 41, is DENIED.

DATED this 7th day of September, 2018.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT - 4