UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AKLILU YOHANNES,<br><br>        Plaintiff,<br><br>        v.<br><br>OLYMPIC COLLECTION INC. (OCI), et al.,<br><br>        Defendants. | Case No. 2:17-CV-509-RSL<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ENTRY OF REVISED SCHEDULING ORDER |

This matter comes before the Court on plaintiff Aklilu Yohannes's motion for entry of a revised scheduling order. Dkt. #62. Plaintiff filed his complaint on March 31, 2017. Dkt. #1. On May 24, 2017, the Court ordered that discovery be completed by September 10, 2017. Dkt. #9. Defendants Olympic Collection Inc. (OCI), Farooq Ansari, Susan Cable and Norman L. Martin filed a motion to dismiss on July 6, 2017. Dkt. #20. This was granted with respect to claims 4, 5, 6, 7, 8, 9 and 10 on December 7, 2017. Plaintiff was also granted leave to amend his complaint to include violations of Washington's Consumer Protection Act, RCW 19.86 *et seq*, to properly raise a constitutional challenge to RCW 6.27, and to cure any other deficiencies. Dkt. #31. The amended complaint was filed on December 29, 2017. Dkt. #32. There was no request for a modification to the discovery deadline. Id.

On February 5, 2018, the parties stipulated to an extension of time for defendants to respond to the amended complaint until February 9, 2018. Dkt. #37. In the stipulation, the parties stated that they "[would] be proposing new case schedule dates." Id. The Court

ORDER GRANTING IN PART PLAINTIFF'S MOTION
FOR REVISED SCHEDULING ORDER- 1

accordingly issued an order granting the extension on February 6, 2018. Dkt. #38. Defendants' answer was filed on February 9, 2018. Dkt. #39.

Plaintiff claims that he sent his first set of interrogatories to defendant OCI on July 29, 2018. Dkt. #62 at 2. Defendants' attorney responded that seeking discovery at that stage was inappropriate as the Court had ordered that discovery be completed by September 10, 2017. Id. Plaintiff sent defendants a draft stipulation with a proposed scheduling order, including a new discovery date, on July 30, 2018. Id. Defendants' attorney responded that reopening discovery was not contemplated by the parties' February 5, 2018 stipulation. Id. Plaintiff then filed the present motion ("the Motion").

Case management deadlines established by the Court "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. … If that party was not diligent, the inquiry should end." Id. (citing Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985)).

Plaintiff asserts eight grounds to establish good cause under Rule 16. Five of these are easily dismissed. First, plaintiff does not explain why the schedule proposed in the Joint Status Report was "unrealizable." Dkt. #62 at 1. Plaintiff has not at any time prior to this Motion objected to the schedule, or demonstrated his own diligence in attempting to adhere to it. Second, plaintiff claims that the documents that defendants identified in their initial disclosures as being in his possession were provided to him on September 24, 2017, two weeks after the deadline for the completion of discovery. See Dkt. #9. He cites to defendants' response to his motion to compel, filed on September 24, 2017, which only states that defendants provided their initial disclosures twelve days after the deadline of May 10, 2017, see Dkt. #5, and that "[a]ll of

ORDER GRANTING IN PART PLAINTIFF'S MOTION
FOR REVISED SCHEDULING ORDER- 2

the documents detailed in Defendant's [*sic*] Initial Disclosure have been provided to [plaintiff]." Dkt. #25 at 3. In their response to this Motion, defendants also state that they provided their initial disclosures in May 2017, within 30 days after summons was issued on June 15, 2017. See Fed. R. Civ. P. 26. It is unclear to which documents plaintiff is referring or when they were provided. Regardless, plaintiff does not explain how this delay bears upon his failure to adhere to the deadline in his own right. Third, plaintiff asserts that he suffered from health issues between May and July 2018, which prevented him from working on this case. Dkt. #62 at 5. He does not elaborate. In any event, any health issue between May and July 2018 would not have prevented him from abiding by the discovery deadline of September 10, 2017, or from requesting a modification to it prior to May 2018. Fourth, plaintiff cites to various statements from defendants expressing concern at the lack of discovery propounded by plaintiff. Dkt. #62 at 5; see Dkt. #25 at 2; Dkt. #54 at 3-4. These are taken out of context, and cannot be used to support plaintiff's Motion now. Fifth, plaintiff argues that his proposed schedule will allow discovery to be completed 120 days prior to trial. Dkt. #62 at 6. This is irrelevant. Parties have already stipulated that changes in the case schedule are necessary. Dkt. #37. The Court will ensure that parties have adequate time to prepare for trial.

However, plaintiff also claims that his amended complaint includes new causes of action that warrant additional discovery. See Dkt. #62 at 4. He encloses as Exhibit 1 the Writ of Garnishment issued by defendants to the Boeing Company on October 28, 2015. Dkt. #62-1. He claims that it was not properly filed in court, and that further discovery will enable him to challenge the constitutionality of RCW 6.27, as alleged in his amended complaint. See Dkt. #32 at 4. He also claims that an alleged contradiction in the stamps on the Writ are evidence of fraud. Further discovery will therefore enable him to support his cause of action concerning fraud, as alleged in claim 11. See Dkt. #32 at 46-50.

Plaintiff's cause of action regarding fraud is not new. It was alleged in his initial complaint, see Dkt. #1 at 20, and was not dismissed by the Court. See Dkt. #31 at 8. His challenge to the constitutionality of RCW 6.27, however, was added pursuant to the Court's

ORDER GRANTING IN PART PLAINTIFF'S MOTION
FOR REVISED SCHEDULING ORDER- 3

order on December 7, 2017 granting him leave to amend his complaint. Dkt. #31 at 8. He also asserts new causes of action under Washington's Collection Agency Act, RCW 19.16 *et seq.*, and Consumer Protection Act, RCW 19.86 *et seq.* Dkt. #32 at 34-39.

Plaintiff requests that the discovery deadline be extended to June 7, 2019, see Dkt. #62-2, and also submitted a notice requesting that the Court modify his proposed deadlines as appropriate to take into consideration the time taken to rule on his Motion. Dkt. #69. This case has been pending for almost two years, and plaintiff must pursue discovery and resolution with diligence. The requested extension is excessive and unjustified. For the sake of completeness, however, the Court will grant a brief extension. See Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery."). It is hereby ORDERED that:

1. Discovery is to be completed by May 10, 2019;

2. Parties are directed to propose new case schedule dates in accordance with the new discovery deadline, see Dkt. #37.

DATED this 11th day of January, 2019.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART PLAINTIFF'S MOTION
FOR REVISED SCHEDULING ORDER- 4