# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

AKLILU YOHANNES,

        Plaintiff,

        v.

OLYMPIC COLLECTION INC. et al.,

        Defendants.

Case No. 2:17-CV-509-RSL

ORDER GRANTING MOTION FOR JUDICIAL NOTICE

    This matter comes before the Court on plaintiff Aklilu Yohannes's "Motion for Judicial Notice." Dkt. #70. Plaintiff requests that the Court take judicial notice of the case file in a lawsuit against him in the Snohomish County District Court. See Dkt. #70; Dkt. #70-1.

## BACKGROUND

    Plaintiff is a government employee who works for the Federal Aviation Administration. On March 1, 2006, a lawsuit was filed against plaintiff in Snohomish County District Court ("Snohomish Case"). A default judgment was entered against plaintiff on May 1, 2006. He brings this action against Olympic Collection Inc. ("OCI"), Farooq Ansari, Susan Cable and Norman L. Martin alleging *inter alia* violations of the Fair Debt Collection Practices Act, Washington's Collection Agency Act, RCW 19.16 *et seq.*, and Washington's Consumer Protection Act, RCW 19.86 *et seq.*

    Plaintiff first requested judicial notice of the docket for the Snohomish Case in his Response to Defendants' Motion to Dismiss. See Dkt. #22-1. That case file was sent for

ORDER GRANTING PLAINTIFF'S MOTION
FOR JUDICIAL NOTICE - 1

destruction on May 11, 2016. Id. at 2. In this motion, plaintiff submits the following documents from the Snohomish Case for judicial notice, matching them to entries in the docket: (i) the Summons and Complaint, Dkt. #70-1 at 1, (ii) OCI's "Motion and Certification for Default Judgment," id. at 2, (iii) a "First Answer to Writ of Garnishment for Continuing Lien on Earnings" filed by The Boeing Company ("Boeing"), id. at 3-5, (iv) an "Application for Writ of Garnishment by Affidavit" filed by OCI, id. at 6-7, (v) a "Notice to Federal Government Garnishee Defendant," id. at 8, (vi) a "Writ of Garnishment for Continuing Lien on Earnings," id. at 9-11, (vii) a "First Answer to Writ of Garnishment for Continuing Lien on Earnings" filed by the Department of the Interior ("DOI"), id. at 12-14, and (viii) a "Release of Writ of Garnishment," id. at 15.

## LEGAL STANDARD

The Court may take judicial notice of a fact that is not subject to reasonable dispute because it is generally known within the Court's territorial jurisdiction, or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). This may include undisputed matters of public record, such as documents on file in federal or state courts. Carlson v. Wells Fargo Bank, N.A., No. C15-0109JLR, 2015 WL 2062394, at *4 (W.D. Wash. May 4, 2015) (citing Harris v. Cnty. of Orange, 682 F.3d 1126, 1131–32 (9th Cir. 2012)).

## DISCUSSION

The documents submitted by plaintiff are official state court records suitable for judicial notice. Carlson, 2015 WL 2062394 at *4. Plaintiff has also provided additional evidence to prove their authenticity. For example, the "Motion and Certification for Default Judgment" bears a stamp from the Snohomish County District Court, Everett Division with a date of April 26, 2006. Dkt. #70-1 at 2. This corresponds to the date on which the motion was filed, according to the Snohomish Case's docket. Dkt. #22-1 at 1.

ORDER GRANTING PLAINTIFF'S MOTION
FOR JUDICIAL NOTICE - 2

As plaintiff points out, these documents are already on the record under various filings, including his Amended Complaint, see Dkt. #32-2, and the Declaration of defendant Ansari in Support of Defendants' Motion for Partial Summary Judgment, see Dkt. #50.[1] Plaintiff claims that the documents "are not grouped together and properly distinguished from other records." Dkt. #70 at 2. His motion for judicial notice therefore serves the purpose of identifying them separately. There is no motion pending, so it is unclear to what end plaintiff requests this notice. Regardless, the Court may take judicial notice of the fact that these documents were filed in the Snohomish Case and correspond to the entries on the docket in that case. See Coto Settlement v. Eisenberg, No. C08-125RSM, 2008 WL 4741732, at *3 (W.D. Wash. Oct. 24, 2008), aff'd, 593 F.3d 1031 (9th Cir. 2010) (citing Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001)) ("A court may take judicial notice of the existence of matters of public record, such as a prior order or decision, but not the truth of the facts cited therein.").

For the foregoing reasons, plaintiff's motion is GRANTED. The Court takes judicial notice of the existence of these records.

DATED this 7th day of March, 2019.

*[signature: Robert S. Lasnik]*
Robert S. Lasnik
United States District Judge

---

[1] The declaration attached documents without appropriate redactions. See Dkt. #43. The documents were re-filed with appropriate redactions. See Dkt. #50.

ORDER GRANTING PLAINTIFF'S MOTION
FOR JUDICIAL NOTICE - 3