UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AKLILU YOHANNES,

    Plaintiff,

v.

OLYMPIC COLLECTION INC. (OCI), et al.,

    Defendants.

Case No. 2:17-CV-509-RSL

ORDER DENYING MOTION
FOR LEAVE TO FILE
AMENDED COMPLAINT

This matter comes before the Court on plaintiff Aklilu Yohannes's "Motion for Leave to File an Amended Complaint." Dkt. #77. For the following reasons, plaintiff's motion is denied.[1]

## **INTRODUCTION**

In 2006, defendant Olympic Collection Inc. ("OCI") obtained a default judgment against Yohannes in the Snohomish County District Court in a debt collection case. Dkt. #32 at ¶ 11; Ex. 1, Dkt. #32-2 at 6. After the balance remained uncollected for a decade, OCI filed a writ of garnishment and successfully garnished plaintiff's wages. Ex. 1, Dkt. #32-2 at 7–9; Dkt. #32 at ¶ 8. When the default judgment expired in 2016, plaintiff informed OCI of his

---

[1] In his Reply, plaintiff also moves to strike portions of defendants' response, see Dkt. #80, and the declarations of Farooq Ansari, see Dkt. #81, and Marc Rosenberg, see Dkt. #82. Dkt. #84 at 1–5. The Court may strike any "redundant, immaterial, impertinent or scandalous matter" from a pleading. Fed. R. Civ. P. 12(f). Plaintiff does not offer a plausible basis to strike the requested materials. The Court takes plaintiff's objections into consideration, but declines to strike any portion of defendants' response or declarations outright.

ORDER DENYING PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT - 1

intent to file a lawsuit. Dkt. #32 at ¶ 42. OCI then refunded the garnished money to plaintiff. Id. Plaintiff maintains that he was harmed by defendants' attempts to collect the alleged debt and brings this action asserting several claims against OCI, Ansari, Susan Cable, and Norman L. Martin. See Dkt. #32. Plaintiff alleges, *inter alia*, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, Washington's Collection Agency Act, RCW 19.16 *et seq.*, and Washington's Consumer Protection Act ("CPA"), RCW 19.86 *et seq*. Id.

Plaintiff filed his initial complaint on March 31, 2017. Dkt. #1. On May 24, 2017, the Court ordered parties to be joined by June 21, 2017 and discovery to be completed by September 10, 2017. Dkt. #9. On December 7, 2017, plaintiff was granted leave to amend his complaint to include violations of the CPA, to properly raise a constitutional challenge to RCW 6.27, and to cure any other deficiencies. Dkt. #31. Plaintiff filed his amended complaint on December 29, 2017. Dkt. #32. On February 5, 2018, the parties stipulated to an extension of time for defendants to respond to the amended complaint until February 9, 2018. Dkt. #37. In the stipulation, the parties stated that they "[would] be proposing new case schedule dates." Id. The Court accordingly issued an order granting the extension on February 6, 2018. Dkt. #38. On August 19, 2018, plaintiff filed a motion for entry of a revised scheduling order. Dkt. #62. The Court granted plaintiff's motion in part and extended discovery to May 10, 2019. Dkt. #71. The parties then stipulated to another extension and the Court entered an "Amended Order Setting Trial Date and Related Dates." Dkt. #73. This order set the trial for October 7, 2019, and set deadlines of March 6, 2019 for the addition of new parties, April 10, 2019 for the amendment of pleadings, and June 9, 2019 for the completion of discovery. Id. On April 9, 2019, plaintiff filed this motion for leave to file a second amended complaint. Dkt. #77.

Plaintiff's proposed second amended complaint adds four new defendants and asserts additional claims against new and original defendants. Id. The additional defendants include defendants' attorney Michael O'Meara, OCI Director Muneera Merchant, and former OCI employees Lonnie Ledbetter and Kayla Brown. Id. at 4–6; Dkt. #80 at 3. The proposed claims include two new violations of the Racketeer Influence and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.*, and one new violation of the Washington Criminal

ORDER DENYING PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT - 2

Profiteering Act, RCW 9A.82 *et seq.* Dkt. #77 at 6. Plaintiff's proposed Count 12 alleges violations of RICO predicated on mail fraud and extortion. Ex. 1, Dkt. #77-7 at ¶¶ 235–79. Proposed Count 13 alleges RICO violations based on the collection of an unlawful debt and a racketeering enterprise. Id. at ¶¶ 280–86. Proposed Count 14 alleges that the original debt assignment and the writs of garnishment were forgeries in violation of the Washington Criminal Profiteering Act. Id. at ¶¶ 287–95.

## DISCUSSION

### A. Legal Standard

"The district court is given broad discretion in supervising the pretrial phase of litigation." Zivkovic v. S. California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992)). Other than an amendment as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a case scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "A party seeking to amend a pleading after the date specified in the scheduling order must first show good cause for amendment under Rule 16, and then demonstrate that the amendment is proper under Rule 15." Paz v. City of Aberdeen, No. C13-5104 RJB, 2013 WL 6163016, at *2 (W.D. Wash. Nov. 25, 2013); see Rain Gutter Pros, LLC v. MGP Mfg., LLC, No. C14-0458 RSM, 2015 WL 6030678, at *1 (W.D. Wash. Oct. 15, 2015).

Under Rule 16, "good cause" means that "the scheduling deadlines cannot be met despite the party's diligence." Paz, 2013 WL 6163016 at *2 (citing Johnson, 975 F.2d at 609). "If the party seeking the modification was not diligent, the inquiry should end." Id. (citing Millenkamp v. Davisco Foods Intern., Inc., 448 Fed. Appx. 720, 721 (9th Cir. 2011)).

Rule 15 "sets forth a very liberal amendment policy." Rain Gutter Pros, LLC, 2015 WL 6030678 at *1 (citing Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)). "Five factors are used to assess the propriety of a motion for leave to amend: (1)

ORDER DENYING PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT - 3

bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the party has previously amended its pleading." LifeLast, Inc. v. Charter Oak Fire Ins. Co., No. C14-1031JLR, 2015 WL 12910683, at *2 (W.D. Wash. July 6, 2015) (citing Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990)). Delay, by itself, is not sufficient to justify denial of leave to amend. Paz, 2013 WL 6163016 at *3 (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1986)). However, the remaining factors "could each, independently, support a denial of leave to amend a pleading." Id. (citing Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999)). "Of these factors, prejudice to the opposing party is the most important factor." Id. (citing Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990)).

"Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment." Id. at *4 (citing Jackson, 902 F.2d at 1388). "A party that contends it learned 'new' facts to support a claim should not assert a claim that it could have pleaded in previous pleadings." Id. (citing Chodos v. West Publishing Co., 292 F.3d 992, 1003 (9th Cir. 2002). Bad faith exists where "the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories." Griggs v. Pace Am. Grp., Inc., 170 F.3d 877, 881 (9th Cir. 1999) (citing Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1296 (9th Cir. 1998)). "Prejudice may effectively be established by demonstrating that a motion to amend was made after the cutoff date for such motions, or when discovery had closed or was about to close." Paz, 2013 WL 6163016 at *4 (citing Zivkovic, 302 F.3d at 1087). "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989) (citing Pan–Islamic Trade Corp. v. Exxon Corp., 632 F.2d 539, 546 (5th Cir. 1980), cert. denied, 454 U.S. 927 (1981)).

**B. Joinder of Parties**

Plaintiff requests to add four new defendants more than a month after the Court's deadline for joining additional parties has passed. See Dkt. #73; Dkt. #77. Plaintiff does not acknowledge that deadline and moves only to amend his complaint. Dkt. #77. The deadline

ORDER DENYING PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT - 4

for joining additional parties is set early in the case to ensure that "all interested parties have a full and fair opportunity to participate in discovery." Muse Apartments, LLC v. Travelers Cas., No. C12-2021-RSL, 2014 WL 11997862, at *1 (W.D. Wash. Nov. 12, 2014). When a party moves to amend its complaint after the relevant deadline has passed, but does not request that the Court modify its scheduling order, the Court need not construe the motion as a motion to amend the scheduling order. Johnson, 975 F.2d at 608–09 (The "court may deny as untimely a motion filed after the scheduling order cut-off date where no request to modify the order has been made.") (citing U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff, 768 F.2d 1099, 1104 (9th Cir. 1985)). The deadline for joining new parties in this case was March 6, 2019. Dkt. #73. Plaintiff's motion is therefore untimely.

Even if the Court construes this motion as a motion to amend the scheduling order, the Court does not find good cause to do so. Plaintiff claims that his "investigation" into the case has led to "significant factual developments" that justify the addition of the proposed new defendants. Dkt. #77 at 3. However, plaintiff has had more than two years to conduct discovery and join additional parties, and he could have done so in his first amended complaint in December 2017.[2] See Dkt. #32. The facts giving rise to plaintiff's request to join these defendants have been available to plaintiff since the onset of the litigation. The documents on which plaintiff relies in his motion have been in his possession since at least the time he filed his first amended complaint. See Dkt. #32; see Paz, 2013 WL 6163016 at *3. The joinder deadline was already extended from the original June 21, 2017 deadline. Dkt. #9. Plaintiff has received several continuances to conduct discovery and has not demonstrated

---

[2] Plaintiff states only that evidence discovered since his filing of a motion for disqualification on April 5, 2018 shows that "the Release of Writ of Garnishment bearing Martin's stamped signature was sent to the US Department of Interior from the O'Meara law office … The Second Amended Complaint alleges the O'Meara law office represented the forged Release of Writ of Garnishment to the DOI as true a [sic] written instrument in violation of RCW 9A.60.020." Dkt. #77 at 4. However, the Writ of Garnishment was already in plaintiff's possession, see Dkt. #32-2, and he does not explain how or why he only recently uncovered this information, if indeed that is the case. See Paz, 2013 WL 6163016 at *4. Nor does he give any plausible explanation for why his claims against Merchant, Ledbetter and Brown could not have been brought earlier. Dkt. #77 at 5; Dkt. #84 at 6.

ORDER DENYING PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT - 5

diligence in adhering to the Court's scheduling orders. See Dkt. #7; Dkt. #71; Dkt. #73; see Johnson, 975 F.2d at 609.³

### C. Proposed Claims

The remaining proposed claims are properly treated as a motion to amend and are analyzed under Rule 15. Allen, 911 F.2d at 373. There is no evidence of bad faith and plaintiff filed his motion to amend one day before the deadline. LifeLast, Inc., 2015 WL 12910683 at *2. However, plaintiff has already been granted leave to amend once and offers no plausible explanation as to why these proposed claims could not have been included in his first amended complaint. See Dkt. #77; Dkt. #84; see Lockheed Martin Corp. v. Network Sols., Inc., 194 F.3d 980, 986 (9th Cir. 1999). Discovery has already been delayed by nearly two years, see Dkt. #9; Dkt. #73, and further delay would result from the addition of these claims. Bowers v. Kletke, No. C08-1768-RSM, 2010 WL 11527183, at *4 (W.D. Wash. July 21, 2010) (denying leave to amend based on undue delay where a "need to reopen discovery and therefore delay the proceedings support[ed] a finding of prejudice"). Prejudice to the opposing party is the "touchstone of the inquiry under rule 15(a)." Eminence Capital, LLC, 316 F.3d at 1052 (citations omitted).⁴

## CONCLUSION

For all the foregoing reasons, plaintiff's motion for leave to file a second amended complaint is DENIED.

---

³ The Court need not reach the analysis under Rule 15. However, the Court notes that there would be significant prejudice to these new defendants in being added to the action at this late stage, see Dkt. #73, that plaintiff is attempting to add parties more than a month after the deadline to do so has passed, and that plaintiff has already previously amended his complaint. LifeLast, Inc., 2015 WL 12910683 at *2.

⁴ In defendants' opposition to this motion, they request attorney's fees under 28 U.S.C. § 1927 for the need to respond to plaintiff's "vexatious" motion. Dkt. #80 at 11–12. Attorney's fees under section 1927 are appropriate only when a party has acted in bad faith. Irving v. Nat'l R.R. Passenger Corp., No. C13-5713-BHS, 2015 WL 144327, at *2 (W.D. Wash. Jan. 12, 2015) (citing Soules v. Kauaians for Nukolii Campaign Comm., 849 F.2d 1176, 1185 (9th Cir. 1988)). The Court notes plaintiff's pro se status and finds no evidence that plaintiff acted in bad faith. Defendants' request for attorney fees is denied.

DATED this 18th day of June, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT - 7