1

2

3

4

5

6

7                           UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
8                                    AT SEATTLE

9
   AKLILU YOHANNES,                              Case No. 2:17-CV-509-RSL
10
                         Plaintiff,
11                                               ORDER GRANTING IN
               v.                                PART AND DENYING IN
12                                               PART PLAINTIFF'S
   OLYMPIC COLLECTION INC. (OCI) et al.,         MOTION TO COMPEL
13
                         Defendants.
14

15       This matter comes before the Court on plaintiff Aklilu Yohannes's "Motion to Compel

16   Complete Answer to Interrogatories." Dkt. #79. For the reasons that follow, plaintiff's motion is

17   GRANTED IN PART and DENIED IN PART.

18                                    **BACKGROUND**

19
         This case concerns an alleged debt owed from plaintiff Yohannes to Baker Dental
20
     Implants & Periodontics ("Baker Dental"), dating back to 2005 or 2006. On March 1, 2006, a
21
     lawsuit was filed against plaintiff in the Snohomish County District Court. A default judgment
22
     was entered against him on May 1, 2006. Right before the default judgment was set to expire,
23
     see RCW 6.27.010(1), defendants[1] attempted to collect. On April 7, 2016, an application and
24
     writ of garnishment was entered in the amount of $1,886.67. Eventually, by the end of May
25
     2016, plaintiff informed defendants of his intention to file a lawsuit. Defendants refunded the
26

27       _____
             [1] Plaintiff brought this action against the debt collection company Olympic Collection, Inc.
28   ("OCI"), its employees, Farooq Ansari and Susan Cable, and its attorney, Norman Martin.

     ORDER GRANTING IN PART AND DENYING IN PART
      PLAINTIFF'S MOTION TO COMPEL - 1

money. However, plaintiff maintains that he was harmed by defendants' attempts to collect the alleged debt. He brings claims under *inter alia* the Fair Debt Collection Practices Act, <u>see</u> 15 U.S.C. § 1692 *et seq.*, Washington's Collection Agency Act, <u>see</u> RCW 19.16 *et seq.*, and Washington's Consumer Protection Act, <u>see</u> RCW 19.86 *et seq.* Dkt. #32 (Compl.).

On January 15, 2019, plaintiff served his First Set of Interrogatories on OCI. Dkt. #79-2 (Yohannes Decl.) at ¶ 2; <u>see</u> Ex. 1, Dkt. #79-3. OCI responded on February 1, 2019. <u>Id.</u> at ¶ 3. On February 6, 2019, plaintiff sent defense counsel an email setting out certain deficiencies. <u>Id.</u> at ¶ 4; <u>see</u> Ex. 3, Dkt. #79-5. He sent another follow up email on February 16, 2019. <u>Id.</u> at ¶ 5; <u>see</u> Ex. 4, Dkt. #79-6. On February 26, 2019, defense counsel sent its amended responses to the interrogatories. <u>Id.</u> at ¶ 6; <u>see</u> Ex. 2, Dkt. #79-4. On March 4, 4019, plaintiff sent another email to defense counsel, stating that the amended responses "did not properly address the issues raised in [his] February 6, 2019 email." Ex. 5, Dkt. #79-7; <u>see</u> Yohannes Decl. at ¶ 7. In an email dated March 5, 2019, defense counsel suggested that parties meet and confer. Yohannes Decl. at ¶ 8; <u>see</u> Ex. 6, Dkt. #79-8. They spoke on the phone on March 12, 2019. <u>Id.</u> at ¶ 9. Plaintiff reduced the scope of one of his interrogatories. <u>Id.</u> at ¶ 10. According to plaintiff, defense counsel promised that another set of amended responses would be sent by the end of the week. <u>Id.</u> at ¶ 11.

On March 15, 2019, plaintiff received an unexecuted copy of OCI's responses for his review. <u>Id.</u> at ¶ 12. He wrote to defense counsel on March 16, 2019, again pointing out certain deficiencies. <u>Id.</u> at ¶ 13; <u>see</u> Ex. 7, Dkt. #79-9 at 3–4. He sent a follow up email on March 20, 2019, asking if defense counsel was willing to file a joint motion. <u>Id.</u> at ¶¶ 14–15; <u>see</u> Ex. 7, Dkt. #79-9 at 3. Defense counsel responded on the same day. He declined to file a joint motion and reiterated that defendants had fully responded to plaintiff's interrogatories. <u>Id.</u> at ¶ 15; <u>see</u> Ex. 7, Dkt. #79-9 at 1. On March 21, 2019, OCI provided an executed copy of its amended responses. <u>Id.</u> at ¶ 16; <u>see</u> Ex. 2, Dkt. #79-4. On the same day, plaintiff requested additional information regarding one of the interrogatories. <u>Id.</u> at ¶ 17. Defense counsel responded that plaintiff should be able to obtain it himself. <u>Id.</u> On March 26, 2019, plaintiff informed defense

counsel of his intent to file a motion to compel. <u>Id.</u> at ¶ 18. Defense counsel responded on March 27, 2019, stating that OCI had cooperated fully. <u>Id.</u> at ¶ 19; <u>see</u> Ex. 8; Dkt. #79-10. Plaintiff filed this motion on April 11, 2019. Dkt. #79.

**DISCUSSION**

**A. Legal Standard**

The Court has "broad discretion to manage discovery." <u>Avila v. Willits Envtl. Remediation Tr.</u>, 633 F.3d 828, 833 (9th Cir. 2011). In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "If a party fails to answer an interrogatory, the "party seeking discovery may move for an order compelling an answer." Fed. R. Civ. P. 37(a)(3)(B). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." <u>Brown v. Warner</u>, No. C09-1546RSM, 2015 WL 630926, at *1 (W.D. Wash. Feb. 12, 2015) (quoting <u>Cable & Computer Tech., Inc. v. Lockheed Sanders, Inc.</u>, 175 F.R.D. 646, 650 (C.D. Cal. 1997)).

A party who has responded to an interrogatory "must supplement or correct its disclosure or response … in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed R. Civ. P. 26(e); <u>see</u> <u>Litle & Co. v. Mann</u>, 145 F.3d 1339 (9th Cir. 1998).

**B. OCI's Responses to Plaintiff's Interrogatories[2]**

    a.  Interrogatory No. 2

In Interrogatory No. 2, plaintiff requests that OCI identify all the individuals with whom it is in contact at Baker Dental and the purpose and dates of its communications with these individuals. Ex. 2, Dkt. #79-4 at 3. OCI responded with the name "Dr. David Baker." Id. It stated that it is no longer in touch with Dr. Baker and has no location or contact information for him. Id. Plaintiff objects that this is internally contradictory. Dkt. #79 at 6. Defendants respond that they cannot be "compelled to provide information that [they] [do] not have." Silva v. McKenna, No. C11-5629 RBL/KLS, 2012 WL 1596971, at *4 (W.D. Wash. May 7, 2012), and point out that plaintiff has already issued a subpoena to Dr. Baker to an address in Lynnwood, Washington. Ex. 1, Dkt. #83-1 at 1. However, they also note that, after they had responded to the interrogatories, defense counsel located Dr. Baker in order to respond to plaintiff's motion for leave to file his second amended complaint. Dkt. #83 at 3 n.1. It is not clear that the information regarding Dr. Baker's whereabouts "has not otherwise been made known to the other parties during the discovery process," given that plaintiff has since served a subpoena on Dr. Baker. Fed R. Civ. P. 26(e). However, by way of abundant caution, the Court finds that OCI has a duty to supplement Interrogatory No. 2. Id. Plaintiff's motion to compel a response to Interrogatory No. 2 is GRANTED.

    b.  Interrogatory No. 4

In Interrogatory No. 4, plaintiff requested all net proceed payments made by OCI to Baker Dental and Song Periodontics & Dental Implants ("Song Periodontics").[3] OCI produced a

---

[2] Plaintiff also requested that the Court compel OCI to "identify all its objections to the interrogatories with specificity." Dkt. #79 at 5. The Court has considered each interrogatory separately, including OCI's objections to it and duty to supplement it. See Fed. R. Civ. P. 26(e). It is not relying on any "general, boilerplate objections" from OCI in its rulings. City of Seattle v. ZyLAB N. Am., LLC, No. C17-0790-JCC, 2017 WL 5010111, at *2 (W.D. Wash. Nov. 2, 2017). There is therefore no need to compel OCI to identify its objections with specificity.

[3] Song Periodontics is the successor-in-interest to Baker Dental. See Dkt. #83 at 3.

ORDER GRANTING IN PART AND DENYING IN PART
 PLAINTIFF'S MOTION TO COMPEL - 4

table of payments, identifying *inter alia* the period, the amount, the gross recovery and the commission. Dkt. #79-4 at 5. Plaintiff objects on the ground that the table does not separately identify the payments made to Baker Dental and Song Periodontics. Dkt. #79 at 8. Defendants respond that plaintiff has already served a subpoena on Dr. Song Hung, DDS and Song Periodontics requesting fourteen years' worth of payments made by OCI. Ex. 2, Dkt. #83-2. Furthermore, the interrogatory did not request any such differentiation. Finally, defendants state that "OCI did not keep records of when [the] change [from Baker Dental to Song Periodontics] occurred and simply continued to send checks to Song [Periodontics] as it had to Baker [Dental] previously." Dkt. #83 at 4. Defendants cannot be compelled "to provide information that [they] [do] not have." Silva, 2012 WL 1596971 at *4. Plaintiff's motion to compel a response to Interrogatory No. 4 is DENIED.

### c. Interrogatory No. 5

In Interrogatory No. 5, plaintiff requests identification of all Writs of Garnishment issued against plaintiff, along with the garnishee defendant, the issuing attorney, the date of issuance, the court filing date, and documents showing that the fee required by RCW 6.27.060 was paid, for each one. Dkt. #79-4 at 5. Defendants objected on grounds of relevance and undue burden. They also argue that "date of issuance" calls for a legal conclusion. Id. at 6. However, they provided information regarding four Writs. This included the garnishee defendants (Boeing Company and the U.S. Department of the Interior), the issuing attorney (Norman Martin), and the dates on which the writs were signed. Id. OCI stated that the second and fourth Writs were filed with the Snohomish County District Court on October 28, 2015, and April 6, 2016. Id. OCI did not provide any filing information for the first Writ, and stated it was "unsure whether [the third] Writ was ever filed with the Court or served on the garnishee defendant." Id.

Plaintiff argues that the date of issuance of the Writs is the date appearing on their last pages, see RCW 6.27.340(2), RCW 6.27.190(3), and that information regarding the payment of the filing fee is "essential for identifying whether each Writ of Garnishment the [d]efendants issued against the [p]laintiff is recorded under the state court action" and challenging the

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL - 5

constitutionality of RCW 6.27. Dkt. #79 at 10. Defendants maintain that the date of issuance of the Writs is a legal conclusion that the Court will determine. Dkt. #83 at 4.

Regardless of its responses to plaintiff's interrogatories, OCI has produced the four Writs. Dkt. #83 at 4. That suffices. Plaintiff may draw his own conclusions from them—indeed, he seems to have done so already. Defendants also argue that the request to provide proof of payment of the filing fees is unduly burdensome, as OCI will need to identify four checks out of the thousands that it has paid for filing fees over a period of thirteen years. Dkt. #83 at 5. The Court must balance the burden or expense of the discovery request against its likely benefit. Little v. Oster, No. C07-1317BHS, 2008 WL 2705105, at *2 (W.D. Wash. July 9, 2008). Again, the Writs have already been produced, along with the state court docket. Defendants are not obligated to produce proof of payment of the filing fees. Plaintiff's motion to compel a response to Interrogatory No. 5 is DENIED.

d.  Interrogatory No. 7

In Interrogatory No. 7, plaintiff requests all the dates on which Norman Martin appeared in person in state courts in Washington on OCI's behalf. Dkt. #79-4 at 7. OCI objected on grounds of relevance and undue burden. Id. Without waiving those objections, OCI responded that Martin appeared on behalf of OCI "approximately twice a month during the time period of 2006 until his retirement at the end of 2017 or approximately 264 times over the eleven years." Id. OCI also listed a number of Martin's appearances between 2015 and 2017,[4] including the date and the court. Plaintiff objects that the response does not identify the case numbers for each appearance. Dkt. #79 at 12. He also argues that one of the entries is false, as the date of the appearance is a Saturday. Id. Plaintiff does not explain why this information is relevant, beyond stating that it would allow him to verify OCI's responses. See Bonner v. Normandy Park, No. C07-962RSM, 2008 WL 444562, at *2 (W.D. Wash. Feb. 14, 2008); see Hancock v. Aetna Life

---

[4] At the telephonic conference on March 12, 2019, plaintiff agreed that OCI could provide the list for the last three years before the filing of the case. Dkt. #79 at 12; see Yohannes Decl. at ¶ 10.

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL - 6

Ins. Co., 321 F.R.D. 383, 393 (W.D. Wash. 2017). Nor does the interrogatory specifically request case numbers, although plaintiff claims that he informed defense counsel of this request during their conference on March 12, 2015. Yohannes Decl. at ¶ 10. On balance, the Court finds that the burden of this request outweighs its likely benefit. Little, 2008 WL 2705105 at *2. Plaintiff's motion to compel a response to Interrogatory No. 7 is DENIED.

> e. Interrogatory No. 8

In Interrogatory No. 8, plaintiff requests all facsimile signatures used on any document filed by OCI with the Washington state courts, along with the persons who affixed the signatures on the documents and their sources of authority for doing so. Dkt. #79-4 at 9. Defendants object on the grounds of relevance and undue burden. Id. They also argue that the interrogatory calls for a legal conclusion. Without waiving those objections, defendants responded that OCI "authorized staff to use a signature stamp, on a case by case basis, on certain pro forma documents such as satisfactions and writ releases." Id. Plaintiff argues that this response is purposely vague. Dkt. #79 at 14. Defendants argue that OCI has been in operation since 1996, and the request to identify signatures on twenty-three years' worth of documents "clearly places a significant administrative burden on it." Dkt. #83 at 7.

Plaintiff himself points out that both Ansari and Cable have already confirmed that OCI staff had authorization from O'Meara to affix his signature on certain types of court documents. Dkt. #79 at 4. There is no merit to his contention that OCI is "avoid[ing] revealing this fact about Attorney O'Meara" if the fact is already known to plaintiff from another source. However, plaintiff also argues that as regards the signature stamps of notaries and OCI agents, the request is "directly relevant to the false notarization of court documents the [complaint] alleges against [defendants]." Dkt. #79 at 14; see Compl. at ¶ 120. OCI is correct in that it would be excessively burdensome to identify every document that bears a facsimile signature and every person who used it. Little, 2008 WL 2705105 at *2. Plaintiff's motion to compel a response to Interrogatory No. 8 is DENIED.

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL - 7

1

          f.   <u>Interrogatory No. 9</u>

2

      In Interrogatory No. 9, plaintiff requests that OCI identify all credit reports, employment

3

reports, skip-tracing reports or Accurint reports that it obtained on plaintiff and the source of

4

authority for each of them. Dkt. #79-4 at 9. OCI responded as follows:

5

6
      Defendant sought Plaintiff's location information in January 2005, from an unknown
      source, which was permissible due to the underlying debt arising out of a voluntary credit

7
      transaction. Defendant sought Plaintiff's location information from an unknown source in
      November 2006, and from Equifax's "theworknumber.com" in September of 2015,

8
      which were permissible because the Defendant held Judgment against the Plaintiff.

9
      Plaintiff insists that OCI must identify the entities from whom it sought plaintiff's

10

location information in January 2005 and November 2006. Dkt. #79 at 15–16. Plaintiff argues

11

that sharing his information with these entities was impermissible under the Fair Debt Collection

12

Practices Act and the Gramm-Leach-Bliley Act. <u>Id.</u> Defendants argue that "there is no evidence

13

to suggest that seeking location information requires sharing information" and that debt

14

collectors "routinely obtain consumers' location information without disclosing information to

15

third parties." Dkt. #83 at 8. Finally, defendants claim that they do not have this information.

16

Defendants cannot be compelled "to provide information that [they] [do] not have." <u>Silva</u>, 2012

17

WL 1596971 at *4. Plaintiff's motion to compel a response to Interrogatory No. 9 is DENIED.

18

      DATED this 20th day of June, 2019.

19

20

21

                           *[signature]*

22
                           Robert S. Lasnik
                           United States District Judge

23

24

25

26

27

28

ORDER GRANTING IN PART AND DENYING IN PART
 PLAINTIFF'S MOTION TO COMPEL - 8