UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AKLILU YOHANNES,

Plaintiff,

v.

OLYMPIC COLLECTION INC. et al.,

Defendants.

Case No. 2:17-CV-509-RSL

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL

This matter comes before the Court on defendants' motion to compel discovery responses. Dkt. #87. For the following reasons, defendants' motion is GRANTED IN PART and DENIED IN PART.

## **BACKGROUND**

This case concerns an alleged debt owed from plaintiff Aklilu Yohannes to Baker Dental Implants & Periodontics ("Baker Dental"). On February 27, 2019, defendants served discovery requests. Dkt. #91-1 (Yohannes Decl.) at ¶ 2; see Dkt. #91-2. Plaintiff responded on April 2, 2019. Id. at ¶ 4; see Ex. 1, Dkt. #88-1 at 2–8. On April 16, 2019, defense counsel sent plaintiff a letter pointing out deficiencies in several of plaintiff's responses and requesting him to supplement them. Ex. 2, Dkt. #88-1 at 11–12. A discovery conference[1] was held on April 23,

---

[1] Plaintiff argues that this conference was scheduled only to discuss deficiencies in defendants' responses to his requests for admission, not his responses to defendants' discovery requests. Yohannes Decl. at ¶ 8. Defendants argue that both were discussed. See Dkt. #88 (Rosenberg Decl.) at ¶ 9; see Dkt. #. Plaintiff requested that a discovery conference be held regarding defendants' responses to his requests

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION TO COMPEL - 1

2018. Rosenberg Decl. at ¶ 9. Defendants then filed a motion to compel. Dkt. #87. It concerns plaintiff's responses to four Requests for Production ("RFP") and one interrogatory. Id.

## DISCUSSION

### A. Legal Standard

The Court has "broad discretion to manage discovery." Avila v. Willits Envtl. Remediation Tr., 633 F.3d 828, 833 (9th Cir. 2011). In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "If a party fails to answer an interrogatory, the "party seeking discovery may move for an order compelling an answer." Fed. R. Civ. P. 37(a)(3)(B). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Brown v. Warner, No. C09-1546RSM, 2015 WL 630926, at *1 (W.D. Wash. Feb. 12, 2015) (quoting Cable & Computer Tech., Inc. v. Lockheed Sanders, Inc., 175 F.R.D. 646, 650 (C.D. Cal. 1997)).

### B. Request for Production No. 1

RFP 1 requests copies of "all documents evidencing any and all payments [plaintiff] made on the obligation(s) described in the complaint." Dkt. #92-1 at 4. Plaintiff's response referred to two sets of documents: the letters sent by plaintiff to defendant OCI disputing the debt in January and February 2006, and the Single Family Ledger from Baker Dental produced by defendants that "shows the balance remaining in [] plaintiff's account with Baker Dental [] since August 2003 is zero." Dkt. #91-3 at 3. Defendants argue that this is not sufficient. Plaintiff should furnish documentation evidencing payment of the debt, such as canceled checks or a

---

for admission in an email dated April 16, 2019 to defense counsel. Ex. 5, Dkt. #91-4 at 3. Defense counsel responded affirmatively on the same day, stating that the parties "should combine the conference with [defendants'] requests [for plaintiff] to supplement [his] responses to [defendants'] discovery requests." Ex. 6, Dkt. #91-4 at 4. The Court finds that the parties have met and conferred on this issue. See Fed. R. Civ. P. 37(a)(1); (d)(1)(B).

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION TO COMPEL - 2

bank statement, or an admission that he does not have this documentation. Dkt. #87 at 6; see Dkt. #93 at 3. Plaintiff argues[2] that the Baker Dental ledger already shows that the balance on his account was zero as of August 15, 2003, and that nothing else is needed. See Dkt. #50 at 3. He has not met his burden of showing why discovery should not be allowed. Lewis v. King Cty., No. C08-1201-JCC-MAT, 2009 WL 1034241, at *2 (W.D. Wash. Apr. 17, 2009) ("Nor did defendant's response to plaintiff's motion to compel include any objections as to the content of the request or an assertion that compliance with plaintiff's request would impose an undue burden or expense.") (citing Fed. R. Civ. P. 26(c)). Defendants' motion to compel a response to RFP No. 1 is GRANTED. Plaintiff must produce any documents within his possession that evidence this payment to Baker Dental.

**C. Request for Production Nos. 4 and 5**

RFP 4 requests copies of "any calendars, logs, diaries, journals or other documents, in any form or medium, in which [plaintiff] recorded, noted, traced or otherwise created or preserved any communication with Defendant." Dkt. #92-1 at 5. RFP 5 requests copies of these documents in which plaintiff "recorded, noted, traced or otherwise created or preserved comments, remarks, thoughts, reactions, intentions or ideas pertaining to Defendant or to the allegations in [the] Complaint for Damages and Injunctive Relief." Id. Plaintiff objects that these materials are protected because they were "compiled in preparation for this lawsuit" and are therefore "not subject to discovery." Dkt. #91-3 at 5. According to defendants, plaintiff indicated during their discovery conference that he possesses materials meeting this description. He claimed that it was protected work product. Rosenberg Decl. at ¶¶ 4–5.

---

[2] Plaintiff also argues overall that he should not be compelled to produce discovery because the discovery requests were prepared and served by non-lawyer employees of Audit & Adjustment Company ("AAC") with little or no supervision from defense counsel. Dkt. #91 at 2–3. He objects to the involvement of AAC in the proceedings without court permission. Id. Defense counsel states that he "personally and solely drafted Defendants['] interrogatories, requests for admissions and requests for production and had no assistance from any staff in [his] office or any staff of any other entity." Dkt. #94 (O'Meara Decl.) at ¶ 4; see id. at ¶¶ 5–7. This is not a basis on which to deny defendants' motion.

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION TO COMPEL - 3

"To qualify for work-product protection, documents must: (1) be 'prepared in anticipation of litigation or for trial' and (2) be prepared 'by or for another party or by or for that other party's representative.'" United States v. Richey, 632 F.3d 559, 567 (9th Cir. 2011) (quoting In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.), 357 F.3d 900, 907 (9th Cir. 2004)). When a party withholds information by claiming that it is protected work product, the party must expressly make the claim and describe the nature of the documents "in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5). Plaintiff has not produced a privilege log. Aecon Bldgs., Inc. v. Zurich N. Am., 253 F.R.D. 655, 659 (W.D. Wash. 2008), clarified on denial of reconsideration (Aug. 28, 2008). The Court is unable to ascertain the extent to which the work product privilege may apply to each document or portions thereof. Ballard Condo. Owners Ass'n v. Gen. Sec. Indem. Co. of Arizona, No. C09-484RSL, 2010 WL 11527324, at *2 (W.D. Wash. June 24, 2010). The Court hereby ORDERS plaintiff to submit privilege logs regarding those documents he considers protected work product in response to RFPs 4 and 5 to the Court and defendants.

**D. Request for Production No. 7**

RFP 7 requests a copy of plaintiff's credit report showing that the "garnishment is recorded as involuntary debt collection as alleged in Paragraph 36[3] of [the] Complaint." Dkt. #91-2 at 6. In his complaint, plaintiff alleged that his "credit history obtained in connection with a bank loan application in September 2016 showed the garnishment recorded as an involuntary private loan recovery action." Dkt. #32 (Compl.) at ¶ 86. Plaintiff produced an email from Jon Walsh at Wells Fargo that, he claims, "describes the involuntary debt collection activity that appeared on [his] credit report." Dkt. #91-3 at 6. He stated that Wells Fargo did not send him the credit report because Wells Fargo was "not the source of the information." Id. The subject of the email is "FW – Yohannes Refinance, Loan #0502153166." Dkt. #93-1 at 1. It states, "Customer

---

[3] This is construed by the parties as a reference to Paragraph 86 in the Amended Complaint. See Dkt. #91 at 9; see Dkt. #87 at 9.

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION TO COMPEL - 4

to provide an explanation for the private debt recovery involuntary YTD amount of $1297.44 and provide evidence of debt is [*sic*] paid off and not on going." Id. According to defendants, plaintiff conceded that he also obtained his own credit report. Rosenberg Decl. at ¶ 6. Plaintiff alleges that "[o]ther records in [his] credit report are not relevant for this action." Dkt. #91 at 12.

Plaintiff's credit reports are relevant to the action and fall within the scope of discovery. Am. Guard Servs., Inc. v. Terminal Sec. Sols., Inc., No. C18-0603-JCC, 2019 WL 1354154, at *1 (W.D. Wash. Mar. 26, 2019). Defendants have indicated that they have no objection to the redaction of account numbers and personal identifiers. O'Meara Decl. at ¶ 10. Plaintiff has not met his burden of showing why discovery should not be allowed. Lewis, 2009 WL 1034241 at *2. Defendants' motion to compel a response to RFP No. 7 is GRANTED. Plaintiff must produce any credit reports that are responsive and within his possession.

### E. Interrogatory No. 3

Interrogatory No. 3 states, "List all conduct of Defendant which you allege was the proximate cause of your damages." Dkt. #91-2 at 13. Plaintiff responded, "The Defendants' conducts [*sic*] that are the proximate cause of the damages to the Plaintiff are clearly described in the Amended Complaint. Conducts [*sic*] that are not listed in the Amended Complaint are expected to be identified during discovery and will be identified to the Defendants in the future." Dkt. #91-3 at 23.

Plaintiff is correct in that the determination of proximate cause presents various interpretative considerations. United States v. Galan, 804 F.3d 1287, 1290 (9th Cir. 2015). To the extent the interrogatory requests plaintiff's legal analysis of his claims, it is improper. Butler v. State Farm Mut. Auto. Ins. Co., No. C14-1653-JCC, 2015 WL 11714664, at *3 (W.D. Wash. July 23, 2015). However, to the extent it requests the factual basis for his claims, it is warranted. Id. There is no indication that plaintiff has identified any additional causes of action beyond those set out in his complaint, despite being given the opportunity to do so. He will be bound by those allegations. See Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify

a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."). Defendants' motion to compel a response to Interrogatory No. 3 is therefore DENIED.

DATED this 22nd day of August, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION TO COMPEL - 6