1
2
3
4
5
6            UNITED STATES DISTRICT COURT
7         WESTERN DISTRICT OF WASHINGTON
                    AT SEATTLE
8

9  AKLILU YOHANNES,                          Case No. C17-509-RSL

10               Plaintiff,
                                             ORDER GRANTING
11        v.                                 DEFENDANTS' MOTION
                                             FOR SUMMARY
12  OLYMPIC COLLECTION INC., et al.,         JUDGMENT AND DENYING
                                             PLAINTIFF'S MOTION FOR
13               Defendants.                 DECLARATORY RELIEF

14

15

16        This matter comes before the Court on defendants' "Motion for Summary Judgment"

17  (Dkt. # 150), plaintiff's "Motion for Declaratory Relief" (Dkt. # 162), and plaintiff's "Motion

18  for Leave to File a Contemporaneous Dispositive Motion" (Dkt. # 166). Having considered the

19  motions and the record contained herein, the Court finds as follows:

20        **I.    BACKGROUND**

21        **A. Factual History**

22        The Court has previously made detailed findings of fact pertaining to plaintiff's claims.

23  See Dkt. # 141. Those facts are incorporated herein by reference. The following recitation of

24  facts from the Ninth Circuit highlights those most relevant to the instant motions:

25            Plaintiff Aklilu Yohannes received dental treatment from Baker Dental
              Implants and Periodontics ("Baker Dental") in late 2002. On February 14, 2006,
26

27  ORDER GRANTING DEFENDANTS' MOTION
28  FOR SUMMARY JUDGMENT AND DENYING
    PLAINTIFF'S MOTION FOR DECLARATORY
    RELIEF - 1

Appellees Olympic Collection, Inc ("OCI") received an Assignment of Claims that assigned Appellant's Baker Dental bill for $389.03 to OCI.

On March 1, 2006, Mr. Norman Martin, as counsel for OCI, filed OCI's complaint against [plaintiff] in the Snohomish County District Court in Washington State ("Snohomish action"). In the Snohomish action, OCI sought to collect on the Baker Dental debt that had a principal amount of $389.03, plus interest to the date of filing in the amount of $122.53, plus interest, from the date of the judgment, fees and costs, totaling $799.56.

On March 27, 2006, OCI employed a process server, Isaac Delys, to serve Appellant. Delys completed a declaration of service on March 27, 2006, indicating that he served the Appellant OCI's complaint on March 26, 2006, at 11905 Highway 99, Everett, in Snohomish County after arranging a meeting with Appellant via telephone.

On May 1, 2006, the court sitting in the Snohomish action entered a default judgment against [plaintiff]. After the entry of default, OCI began its attempts to collect on the judgment. OCI had difficulty finding [plaintiff]'s address and employer, so the collection efforts were paused.

Ten years later, OCI discovered that [plaintiff] worked for the United States Department of Transportation. After reviewing [plaintiff]'s file, OCI noticed that the default judgment, for the Baker Dental bill, was due to expire on May 1, 2016. [Defendants] then renewed their attempts to collect on the garnishment against Yohannes. OCI's attorney signed the Writ of Garnishment for Continuing Lien on Earnings directed to the United States Department of Interior ("DOI"), which has responsibility for payroll services for several federal agencies, including the DOT.

The DOI filed an Answer to the Writ of Garnishment in April 2016. Afterwards, DOI sent Yohannes a letter informing him of the garnishment order entered against him and began garnishing his wages. Prior to receipt of the letter from the DOI, Yohannes alleges that he had no knowledge of the existence of any judgment against him. [Plaintiff]'s checks were garnished in May 2016 by $623.71 and $623.72, respectively. Because the judgment had expired at the beginning of May 2016, OCI returned the money, cleared the debt from [plaintiff]'s credit report, and released the Writ of Garnishment. [Plaintiff] deposited OCI's returned check into his account on June 27, 2016.

ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFF'S MOTION FOR DECLARATORY
RELIEF - 2

Several months later, [plaintiff] filed the underlying action in the United States District Court for the Western District of Washington. After proceedings before the district court, [plaintiff]'s claims were dismissed on OCI's motion for summary judgment.

Yohannes v. Olympic Collection, Inc., No. 19-35888, 2022 WL 911782, at *1 (9th Cir. 2022).

### B. Procedural History

Plaintiff's initial complaint alleged claims against defendants for (1) false or misleading representations under 15 U.S.C. § 1692e; (2) impersonation of an attorney under 15 U.S.C. § 1692e(3); (3) impermissible communications with a third party under 15 U.S.C. § 1692c(b); (4) unauthorized practice of law under RCW § 19.16.250(5) and 15 U.S.C. § 1692e(9); (5) unauthorized collection under 15 U.S.C. § 1692f(1); (6) false representations under 15 U.S.C. § 1692e(2)(A); (7) violations of Washington's Consumer Protection Act; (8) violations of due process under § 1983; (9) abuse of process; (10) defamation; and (11) fraud. Dkt. # 141. On October 11, 2019, this Court dismissed all eleven of plaintiff's claims on summary judgment. Id. Yohannes filed a notice of appeal on October 22, 2019, challenging this Court's summary judgment ruling. Dkt. # 143. On appeal, the Ninth Circuit addressed only plaintiff's due process claim, specifically that "RCW § 6.27 allowed execution of the Writ of Garnishment and the seizure of his wages in the absence of any service on him and the absence of the required state court filings." Yohannes, 2022 WL 911782, at *2. The court noted that:

> RCW § 6.27.130(1) requires a judgment creditor to mail a judgment debtor copies of the writ of garnishment, the judgment creditor's affidavit submitted in application of the writ, and the notice and claim form prescribed in RCW § 6.27.140. Importantly, RCW § 6.27.130(3) requires that when service is made, by mail or personally, by an individual other than a sheriff, the judgment creditor must file an affidavit with the state court showing that the judgment creditor fulfilled its service duties under 6.27.130(1).

Id. Despite this requirement, the Ninth Circuit found that the evidence before it suggested that Yohannes never received the required notice, and OCI never filed the required affidavit. Id. The court was concerned that "in this case, if RCW § 6.27 permitted a writ of garnishment to issue

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR DECLARATORY RELIEF - 3

1   without a process by which service to the debtor is confirmed by the state court before execution

2   of the writ of garnishment, then such a procedure would violate due process as applied." Id.

3   Accordingly, the Ninth Circuit "vacate[d] and remand[ed] to [this Court] for further proceedings

4   to evaluate Yohannes's due process claims in a manner consistent with this decision." Id.

5        **II.**     **STANDARD OF REVIEW**

6        **A. Summary Judgment**

7        A party is entitled to summary judgment if the "movant shows that there is no genuine

8   dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

9   R. Civ. P. 56(a). Under Rule 56, the party seeking summary dismissal of the case "bears the

10   initial responsibility of informing the district court of the basis for its motion," Celotex Corp. v.

11   Catrett, 477 U.S. 317, 323 (1986), and "citing to particular parts of materials in the record" that

12   establish the absence of a genuine issue of material fact, Fed. R. Civ. P. 56(c). Once the moving

13   party satisfies its burden, it is entitled to summary judgment if the non-moving party fails to

14   designate "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324

15   (quoting Fed. R. Civ. P. 56(e)). The Court must "view the evidence in the light most favorable

16   to the nonmovant and draw all reasonable inferences in the nonmovant's favor." City of Pomona

17   v. SQM N. Am. Corp., 750 F.3d 1036, 1049 (9th Cir. 2014). Although the Court must reserve

18   genuine issues regarding credibility, the weight of the evidence, and legitimate inferences for the

19   trier of fact, the "mere existence of a scintilla of evidence in support of the non-moving party's

20   position will be insufficient" to avoid judgment. Id. (quoting Anderson v. Liberty Lobby, Inc.,

21   477 U.S. 242, 252 (1986)). "Where the record taken as a whole could not lead a rational trier of

22   fact to find for the nonmoving party, there is no genuine issue for trial." Id. (quoting Matsushita

23   Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

24        **B. Declaratory Judgment**

25        Plaintiff styles his motion as a "motion for declaratory relief" under "28 U.S.C. § 2201

26   [the Declaratory Judgment Act] and Federal Rule of Civil Procedure (FCRP) 57." Dkt. # 162 at

27

28   ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFF'S MOTION FOR DECLARATORY
RELIEF - 4

1.[1] Rule 57 of the Federal Rules of Civil Procedure provides, in relevant part: "[The Federal Rules of Civil Procedure] govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201." Fed. R. Civ. P. 57. Accordingly:

> [A] party may not make a motion for declaratory relief, but rather, the party must bring an action for a declaratory judgment.  Insofar as plaintiffs seek a motion for a declaratory judgment, plaintiffs' motion is denied because such a motion is inconsistent with the Federal Rules. The only way plaintiffs' motion can be construed as being consistent with the Federal Rules is to construe it as a motion for summary judgment on an action for a declaratory judgment.

Kam-Ko Bio-Pharm Trading Co. Ltd-Australasia v. Mayne Pharma (USA) Inc., 560 F.3d 935, 243 (9th Cir. 2009) (quoting Int'l Bhd. of Teamsters v. E. Conference of Teamsters, 160 F.R.D. 452, 456 (S.D.N.Y. 1995)). Thus, the Court construes plaintiff's motion as a motion for summary judgment.

### III.   DISCUSSION

#### A. Plaintiff's Motion for Leave to File a Contemporaneous Dispositive Motion

As the Ninth Circuit's memorandum disposition and instructions on remand limit the Court's focus to plaintiff's due process claims, the Court declines to revisit its ruling on plaintiff's other claims and adopts the reasoning and decisions of its previous summary judgment order on the non-due process issues (Dkt. # 141). Accordingly, the Court need not consider plaintiff's supplemental motion for summary judgment on the non-due process claims, which he has requested to file through a leave to file a contemporaneous dispositive motion (Dkt. # 166). Plaintiff's motion for leave to file a contemporaneous dispositive motion (Dkt. # 166) is DENIED.

#### B. Scope of Plaintiff's Constitutional Claims

---

[1] The Court notes that the relief requested by plaintiff in his motion includes not only declaratory judgment, but also injunctive relief. Dkt. # 162 at 1.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR DECLARATORY RELIEF - 5

1      Defendants argue that plaintiff's constitutional claims are limited to RCW § 6.27.020, as

2 that is the only specific provision of RCW § 6.27 plaintiff mentioned in his complaint. Dkt.

3 # 164 at 7-8. Defendants contend that allowing plaintiff to challenge other provisions would

4 "deprive the Attorney General of the opportunity to defend any other statutory provisions

5 Yohannes may now want to add." Id. The Court declines to limit the scope of the constitutional

6 due process inquiry to RCW § 6.27.020 for several reasons. First, while plaintiff's amended

7 complaint primarily focuses on RCW § 6.27.020, it also discusses other sections of RCW § 6.27

8 – including specific allegations relating to the sufficiency of notice under RCW § 6.27. See, e.g.,

9 Dkt. # 32 at 43. Second, the Ninth Circuit clearly considered statutory provisions beyond RCW

10 § 6.27.020 on appeal, and specifically instructed this Court to consider plaintiff's "due process"

11 claims (including the claim regarding RCW § 6.27.030) on remand. Yohannes, 2022 WL

12 911782, at *2. Additionally, while the Court acknowledges that plaintiff's notice to the

13 Washington Attorney General under Federal Rule of Civil Procedure 5.1 was limited to RCW

14 § 6.27.020, see Dkt. # 35, the Court finds that the Washington Attorney General will not be

15 prejudiced by the lack of notice of plaintiff's additional constitutional challenges because the

16 Court concludes that plaintiff's challenges fail on the merits.

17   **C. Due Process Claims**

18      Plaintiff brings a § 1983 action challenging RCW § 6.27. Dkt. # 162 at 5. He alleges that

19 the state law violates the Fourteenth Amendment – specifically the due process clause – both

20 facially and as applied to him. Plaintiff raises four distinct due process arguments: (1) "the

21 procedure of RCW § 6.27 is unconstitutional as applied" to him because it permitted the

22 garnishment to take effect "before the state court confirmed that notice of garnishment action

23 was served on him," Dkt. # 162 at 10; (2) "[t]he notice provision in RCW 6.27.130[] is

24 constitutionally defective because it fails to satisfy Mullane's 'reasonably calculated' standard,"

25 id. at 12; (3) "RCW 6.27 should be held facially unconstitutional because it does not afford

26 judgment debtors with the opportunity for notice and hearing before they are deprived of their

27
28 ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFF'S MOTION FOR DECLARATORY
RELIEF - 6

1  properties," id. at 15; and (4) "[t]he authority vested [i]n attorneys of judgment creditors in
2  RCW 6.27.020(2) is facially unconstitutional," id. at 22.

3      **1.  Section 1983 Framework**

4      As an initial matter, the Court clarifies the § 1983 framework applicable in this case,
5  where defendant is a private party that has invoked the state's garnishment procedures.

6      42 U.S.C. § 1983 provides an individual the right to sue state government employees and
7  others acting "under color of state law" for civil rights violations. To state a claim for relief
8  under § 1983, a plaintiff must establish that he was "deprived of a right secured by the
9  Constitution or laws of the United States, and that the alleged deprivation was committed under
10  color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). The
11  Supreme Court has clarified that "these two elements denote two separate areas of
12  inquiry." Flagg Bros. v. Brooks, 436 U.S. 149, 155-56 (1978). As to the first element, because
13  "most rights secured by the Constitution are protected only against infringement by
14  governments," this requirement compels an inquiry into the presence of state action. Id. As to
15  the second element, like the "state-action requirement of the Fourteenth Amendment, the under-
16  color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter
17  how discriminatory or wrongful." Sullivan, 526 U.S. at 50 (internal citations omitted).

18      As the Ninth Circuit noted, "[t]he Supreme Court has held that a debtor may bring a
19  cause of action against a private creditor if the creditor violates the debtor's due process rights
20  by utilizing an unconstitutional state statute." Yohannes, 2022 WL 911782, at *2 (citing Lugar
21  v. Edmondson Oil Co., Inc., 457 U.S. 922, 934 (1982)). Yohannes argues that the rule stated in
22  Lugar applies here. Id.

23      In Lugar, the Supreme Court outlined the relevant inquiry as asking two distinct
24  questions, first, "whether the claimed deprivation has resulted from the exercise of a right or
25  privilege having its source in state authority" and second, "whether, under the facts of this case,
26  respondents, who are private parties, may be appropriately characterized as 'state actors.'"

27  ORDER GRANTING DEFENDANTS' MOTION
28  FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFF'S MOTION FOR DECLARATORY
RELIEF - 7

1    Lugar, 457 U.S. at 939. The Court was clear that where the alleged actions taken by the

2    defendant were contrary to or unlawful under state law, the "conduct of which petitioner

3    complained could not be ascribed to any governmental decision." Id. at 940. Thus, where, for

4    example, defendants "invoked the statute without the grounds to do so," such behavior "could in

5    no way be attributed to a state rule or a state decision." Id. Accordingly, such claims do "not

6    state a cause of action under § 1983 but challenge[] only private action." Id.

7         On the other hand, "while private misuse of a state statute does not describe conduct that

8    can be attributed to the State, the procedural scheme created by the statute obviously is the

9    product of state action." Id. at 941. Such claims may properly be heard in a § 1983 action as

10   long as the "second element of the state-action requirement" is met as well. Id

11        Thus, to state a valid cause of action under § 1983, plaintiff must first (1) establish that

12   the alleged conduct could be attributed to a "state rule or state decision" and (2) that defendants

13   may be appropriately characterized as "state actors." Sullivan, 526 U.S. at 50 n.9 (noting that

14   § 1983 plaintiffs must show "both action taken pursuant to state law and significant state

15   involvement").

16        **2.  As Applied Challenge**

17        Plaintiff's first argument is that "the procedure of RCW § 6.27 is unconstitutional as

18   applied him" because it permitted the garnishment to take effect "before the state court

19   confirmed that notice of garnishment action was served on him." Id. at 10.

20        Plaintiff argues that due process requires that a debtor receive notice of the garnishment.

21   Id. at 9. However, the Washington statute requires such notice. Under RCW § 6.27.130(1):

22        When a writ is issued under a judgment, on or before the date of service of the writ
23        on the garnishee, the judgment creditor shall mail or cause to be mailed to the
         judgment debtor, by certified mail, addressed to the last known post office address
24        of the judgment debtor, (a) a copy of the writ and a copy of the judgment creditor's
         affidavit submitted in application for the writ, and (b) if the judgment debtor is an
25        individual, the notice and claim form prescribed in RCW 6.27.140. In the
         alternative, on or before the day of the service of the writ on the garnishee or
26
27   ORDER GRANTING DEFENDANTS' MOTION
28   FOR SUMMARY JUDGMENT AND DENYING
     PLAINTIFF'S MOTION FOR DECLARATORY
     RELIEF - 8

within two days thereafter, the stated documents shall be served on the judgment debtor in the same manner as is required for personal service of summons upon a party to an action.

The affidavit referenced in this subsection must lay out certain facts, including (1) that the plaintiff has an unsatisfied judgment in the court from which the writ is sought; (2) the amount alleged to be due under that judgment; (3) the plaintiff's belief that the garnishee is indebted to the plaintiff; and (4) whether the garnishee is the employer of the judgment debtor. RCW § 6.27.060. Thus, the statute requires that the judgment debtor receive notice of the writ of garnishment, either by mail or personal service. Furthermore, the statute requires that:

> If service is made by any person other than a sheriff, such person shall file an affidavit [showing the time, place, and manner of service and that the copy of the writ was accompanied by a copy of a judgment or affidavit, and by a notice and claim form if required by this section, and shall note thereon fees for making such service] and showing qualifications to make such service. If service on the judgment debtor is made by mail, the person making the mailing shall file an affidavit including the same information as required for return on service and, in addition, showing the address of the mailing and attaching the return receipt or the mailing should it be returned to the sender as undeliverable.

RCW § 6.27.130(3). Thus, not only does the statute require notice to the judgment debtor, it also requires confirmation of that notice to be filed with the court.

The notice problem plaintiff identifies is not with the procedures prescribed by the state statute, but defendants' failure to comply with them. On April 12, 2016, attempting to comply with RCW § 6.27.130, OCI mailed the writ of garnishment to plaintiff at the address it had "on file for him at the time." Dkt. # 151 at 2. That mailing was returned as undeliverable. Id. Pursuant to RCW § 6.27.130(3), defendant was required to "file an affidavit" showing that service had been attempted, as well as the mailing itself (because it was returned to the sender as undeliverable) with the state court. Defendant claims that this affidavit was mailed to the

Snohomish County District Court in Everett on the same day.[2] Id. However, there is no record of the affidavit confirming service of the writ of garnishment in the state court's docket, and the state court has since destroyed the relevant files for the case.[3] Id.

However, whether or not defendants successfully complied with the state statute need not be resolved to rule on this motion.[4] The Supreme Court in Lugar clearly stated that plaintiffs do not "present a valid cause of action under § 1983" where they allege "only misuse or abuse of the statute." Lugar, 457 U.S. at 942. Here, plaintiff's argument is not that the statute does not provide for constitutionally sufficient notice, but that defendants' failure to comply with the black letter of the statute resulted in a lack of sufficient notice. Accordingly, this behavior "could in no way be attributed to a state rule or a state decision," and fails to state a "valid cause of action under § 1983." Id. at 940, 942; see also Seattle Fishing Servs. LLC v. Bergen Indus. &

---

[2] Defendants' claim rests on the declaration of Susan Cable, a manager of the legal department at OCI, and the "account notes" regarding plaintiff. Dkt. # 151. Specifically, the "account notes" state that on April 12, 2016, defendant "mailed garn to gd." Dkt. # 151-2. Ms. Cable contends that this notation "means the affidavit of mailing was mailed to the court, the employer and Mr. Yohannes." Dkt. # 151 at 2. However, as plaintiff points out, defendant Farooq Ansari stated in his deposition that "GD" stands for "garnishee defendant." See Dkt. # 112-5 at 97. Because "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter," Liberty Lobby, 477 U.S. at 249, the court does not make a finding on this issue.

[3] The Court notes that even if defendants were able to establish that they filed the affidavit, they still would not be in complete compliance with the statute, which further requires the defendant to attach "the return receipt or the mailing should it be returned to the sender as undeliverable." RCW § 6.27.130(3). Here, defendants do not claim that they attached the undelivered mail to the affidavit (nor could they plausibly make this claim, as they allege the affidavit was sent to the state court on April 12, 2016, eight days before the letter to plaintiff was returned as undeliverable). Dkt. # 151 at 2.

[4] The Court acknowledges that plaintiff also claims defendants failed to comply with the requirement that the notice be sent to the "last known post office address of the judgment debtor," Dkt. # 157 at 8 (quoting RCW § 6.27.130), and that, because the mailed notice was returned as undeliverable, they failed to comply with the "statutory notice requirement" that the notice be "actually delivered," Id. at 9 (quoting Cornhuskers Cas. Ins. Co. v. Kachman, 165 Wn. 2d 404 (2008)). Because these claims are similarly directed at defendants' failure to comply with the statute, rather than challenging the procedures put in place by the statute, they similarly need not be resolved to rule on the motion.

ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFF'S MOTION FOR DECLARATORY
RELIEF - 10

1  Fishing Co., 242 F. App'x 436 (9th Cir. 2007) (explaining that a claim under § 1983 has not

2  been stated where the plaintiff "describes conduct—private misuse of a state statute—that is not

3  attributable to the state"); Flagg Bros., 436 U.S. at 176-77 (1978) (Stevens, J., dissenting) ("If

4  there should be a deviation from the state statute—such as a failure to give the notice required

5  by the state law—the defect could be remedied by a state court and there would be no occasion

6  for § 1983 relief.").

7  ### 3. Facial Challenges

8  Plaintiff also raises three facial challenges against RCW § 6.27. Specifically, plaintiff

9  claims that (1) "[t]he notice provision in RCW 6.27.130[] is constitutionally defective because

10  fails to satisfy Mullane's 'reasonably calculated' standard," Dkt. # 162 at 12; (2) "RCW 6.27 . . .

11  does not afford judgment debtors with the opportunity for notice and hearing before they are

12  deprived of their properties," id. at 15; and (3) "[t]he authority vested [i]n attorneys of judgment

13  creditors in RCW 6.27.020(2) is facially unconstitutional," id. at 22.

14  As discussed above, "the procedural scheme created by the statute obviously is the

15  product of state action" and "properly may be addressed in a § 1983 action, if the second

16  element of the state-action requirement is met as well." Lugar, 457 U.S. at 941. Thus, plaintiff's

17  challenges to the procedures articulated in RCW § 6.27 may be validly brought in a § 1983

18  action so long as defendants may appropriately be characterized as "state actors."

19  Plaintiff argues that "judgment creditors, their officials and attorneys who invoke the

20  Washington garnishment statute for deprivation of debtors' wages and other properties are state

21  actors." Dkt. # 162 at 22. However, the only cases he cites to support this proposition are Lugar

22  and a Third Circuit case, Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250 (3d Cir.

23  1994).[5] Id.

24

25

26  ───────────────

[5] Not only is this out of circuit case not binding on the Court, but the case dealt with a

27  Pennsylvania law permitting defendants to execute on a judgment by confession without pre-deprivation

ORDER GRANTING DEFENDANTS' MOTION

28  FOR SUMMARY JUDGMENT AND DENYING

PLAINTIFF'S MOTION FOR DECLARATORY

RELIEF - 11

1    In Lugar, the Court stated that a "private party's joint participation with state officials in

2    the seizure of disputed property is sufficient to characterize that party as a 'state actor' for

3    purposes of the Fourteenth Amendment." Lugar, 457 U.S. at 941. Specifically, the Court found

4    that this kind of "joint participation" existed under the facts of Lugar:

> In 1977, petitioner, a lessee-operator of a truckstop in Virginia, was indebted to his
> supplier, Edmondson Oil Co., Inc. Edmondson sued on the debt in Virginia state
> court. Ancillary to that action and pursuant to state law, Edmondson sought
> prejudgment attachment of certain of petitioner's property. Va. Code § 8.01–533
> (1977). The prejudgment attachment procedure required only that Edmondson
> allege, in an *ex parte* petition, a belief that petitioner was disposing of or might
> dispose of his property in order to defeat his creditors. Acting upon that petition, a
> Clerk of the state court issued a writ of attachment, which was then executed by
> the County Sheriff.

Id. at 924. In other words, the Court found that "joint participation" exists where "the State has

created a system whereby state officials will attach property on the ex parte application of one

party to a private dispute." Id. at 942.

The facts of this case are distinct from those at issue in Lugar. First, there was no

prejudgment attachment in this case. Defendants had secured a default judgment against plaintiff

before the writ of garnishment was issued. Dkt. # 150 at 4. Second, "state officials," such as

sheriffs, did not attach the property here. Indeed, one of plaintiff's chief complaints is that the

statute permitted OCI's attorney to execute the writ of garnishment himself. Dkt. # 162 at 4

(stating that defendant Martin "signed the writ of garnishment, and served it without any

involvement from the state court"). Thus, the Court concludes defendants did not use state

procedures "with the overt, significant assistance of state officials" required to find state action.

Tulsa Pro. Collection Servs., Inc. v. Pope, 485 U.S. 478, 486 (1988); see also Gaskell v. Weir,

10 F.3d 626, 628 (9th Cir. 1993) (deeming complaint patently frivolous where allegations of

---

notice or hearing. Jordan, 20 F.3d at 1253. Furthermore, in Jordan the Sheriff of Philadelphia executed
the garnishment. Id.

ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFF'S MOTION FOR DECLARATORY
RELIEF - 12

1    state action involved a court clerk performing the ministerial act of accepting and filing

2    settlement documents); Flagg Bros., 436 U.S. at 157 (explaining that where the only named

3    defendants were private parties, the "total absence of overt official involvement plainly

4    distinguishes this case from earlier decisions imposing procedural restrictions on creditors'

5    remedies").

6        **4.  Merits of Facial Claims**

7        While the Court is not convinced that plaintiff meets the second state action requirement,

8    it notes that even if plaintiff could pass the initial hurdle of stating a valid § 1983 claim, his

9    facial challenges to the statute fail on the merits. The Court considers each of plaintiff's

10   arguments in turn.

11       **i.   Adequate Notice**

12       Plaintiff argues that "[t]he notice provision in RCW 6.27.130[] is constitutionally

13   defective because [it] fails to satisfy *Mullane*'s 'reasonably calculated' standard in that it does

14   not require the creditor to take additional reasonable steps to provide notice when mailed notice

15   is returned undelivered." Dkt. # 162 at 12. Specifically, plaintiff takes issue with the fact that

16   under the Washington statute, a judgment creditor is not required "'to take any further action'

17   when the notice sent by certified mailing is later returned to the creditor 'due to an "insufficient

18   address."'" Id. at 11 (citing Coleman v. Daniel N. Gordon, P.C., No. C10-428-TOR, 2012 WL

19   2374822, at *5 (E.D. Wash. June 22, 2012) (quoting Mandelas v. Gordon, 785 F. Supp. 2d 951,

20   958–59 (W.D. Wash. 2011))). He argues that under Supreme Court precedent, "when mailed

21   notice . . . is returned unclaimed," due process demands that the party charged with carrying out

22   the notice must "take additional reasonable steps . . . to provide notice to the property owner

23   before [taking his property], if it is practicable to do so." Id. at 12 (quoting Jones v. Flowers, 547

24   U.S. 220, 225 (2006)).

25       As an initial matter, the parties disagree over which standard should be used to analyze

26   the due process claim – the "reasonably calculated" standard of Mullane v. Cent. Hanover Bank

27
28   ORDER GRANTING DEFENDANTS' MOTION
     FOR SUMMARY JUDGMENT AND DENYING
     PLAINTIFF'S MOTION FOR DECLARATORY
     RELIEF - 13

& Tr. Co., 339 U.S. 306 (1950), or the balancing test of Mathews v. Eldridge, 424 U.S. 319 (1976). Dkt. # 162 at 10-12; Dkt. # 164 at 14.[6] The Court agrees with plaintiff that "Mathews governs the question of whether and when due process requirements, including notice, is required, but Mullane governs [an] adequacy of notice claim." Grimm v. City of Portland, 971 F.3d 1060, 1067 (9th Cir. 2020); see also Dusenbery v. United States, 534 U.S. 161, 167-68 (2002). However, before a Court can reach the Mullane analysis, it must first be established that "due process requires individualized notice" in the proceedings at issue. Grimm, 971 F.3d at 1063. Post-judgment garnishment proceedings are unique in that debtors are presumed to already have notice of the underlying judgment against him, thus it has not been clearly established that pre-garnishment notice is required by due process.[7] See Endicott–Johnson Corp. v. Encyclopedia Press, Inc., 266 U.S. 285, 288 (1924)[8] ("[T]he established rules of our system of jurisprudence do not require that a defendant who has been granted an opportunity to be heard and has had his day in court, should, after a judgment has been rendered against him, have a further notice and hearing before supplemental proceedings are taken to reach his property in satisfaction of judgment.").

---

[6] Defendants also argue that the Mullane-Jones test applies to *government* entities rather than private parties. Dkt. # 164 at 14. While it is true that the defendants in both Jones and Grimm were governmental entities, there is no explicit limitation of the standard to government entities. Indeed, in Mullane, the party employing the notice procedure at issue was the Central Hanover Bank and Trust Company. See Mullane, 339 U.S. at 309-10.

[7] The cases cited by plaintiff to support the conclusion that notice is clearly required all discuss the necessity of notice with regard to the available federal and state exemptions that might be available to the judgment debtor – an issue not raised by plaintiff. See Dkt. # 162 at 10 (citing Finberg v. Sullivan, 634 F.2d 50 (3d Cir. 1980); Reigh v. Schleigh, 784 F.2d 1191 (4th Cir. 1986); McCahey v. L.P. Investors, 774 F.2d 543 (2d Cir. 1985); Betts v. Tom, 413 F. Supp. 1369 (D. Haw. 1977)).

[8] As discussed further in this Order, while the enduring vitality of Endicott has been debated, the case has never been overruled and is still frequently cited by circuit courts analyzing the due process requirements for post-judgment garnishment procedures. The Court also notes that "the Supreme Court has twice declined to reconsider Endicott." Katz v. Ke Nam Kim, 379 F. Supp. 65, 69 n.2 (D. Haw. 1977) (citing Hanner v. De Marcus, 390 U.S. 736 (1967); Danila v. Dobrea, 391 U.S. 949 (1968)).

ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFF'S MOTION FOR DECLARATORY
RELIEF - 14

1    Accordingly, "circuit courts reviewing the constitutional sufficiency of notification and

2    hearing procedures in post judgment garnishment proceedings have universally employed the

3    balancing test summarized in <u>Mathews v. Eldridge</u>." <u>Aacen v. San Juan Cnty. Sheriff's Dep't</u>,

4    944 F.2d 691, 695 (10th Cir. 1991). Under the <u>Mathews</u> test, the Court must weigh (1) the

5    private property interest, (2) "the risk of an erroneous deprivation of such interest through the

6    procedures used, and the probable value, if any, of additional or substitute procedural

7    safeguards," and (3) the government's interest, including the function involved and the fiscal and

8    administrative burdens that the additional or substitute procedural requirement would entail.

9    <u>Mathews</u>, 424 U.S. at 335.

10    Here, plaintiff is not merely arguing that judgment debtors should receive notice

11    "reasonably calculated, under all the circumstances" to apprise them of the impending

12    garnishment, but that where mailed notice is returned as undeliverable, judgment creditors must

13    "take additional steps," such as attempting to call the judgment debtor to get his correct address.

14    Dkt. # 162 at 12. The Court is not convinced that such additional procedural safeguards are

15    required by due process. As discussed above, when a writ of garnishment is issued under RCW

16    § 6.27.030, the party sending the notice must file an affidavit with the state court, confirming

17    that notice has been given. RCW § 6.27.030(3). If the notice was accomplished by certified mail

18    (rather than through personal service), the affidavit must be accompanied by the certified mail

19    "return receipt or the mailing should it be returned to the sender as undeliverable." <u>Id.</u> The

20    statute further states that "no disbursement order or judgment against the garnishee defendant

21    shall be entered unless there is on file the return or affidavit of service or mailing required by

22    subsection (3)." <u>Id.</u> at (2). The statute also provides that if notice is not accomplished in

23    accordance with the statute, or if there is any irregularity in the notice, "the court . . . may set

24    aside the garnishment and award to the judgment debtor an amount equal to the damages

25    suffered because of such failure." <u>Id.</u> Thus, under the statute, where there is reason to believe

26    that a garnishment debtor did not receive notice of the writ of garnishment, the Court may halt

27
28    ORDER GRANTING DEFENDANTS' MOTION
     FOR SUMMARY JUDGMENT AND DENYING
     PLAINTIFF'S MOTION FOR DECLARATORY
     RELIEF - 15

1    the disbursement order or judgment, or even set aside the garnishment and award the judgment

2    debtor damages.[9] In light of these existing safeguards, and both the creditor and state's interest

3    in efficient, prompt collection of judgments, the Court concludes that the statute's failure to

4    require "something more" of creditors when mailed notice is returned as undeliverable does not

5    violate due process.

6        **ii.    Pre-Deprivation Hearing**

7            Plaintiff argues that due process requires debtors to be given "notice and an opportunity

8    for a hearing" before they are deprived of their property through garnishment. Dkt. # 162 at 12.

9    He argues that postponing a hearing until post-deprivation is only permitted in unique instances

10   where "prompt action" is required, and that wage garnishment of the kind at issue in this case

11   does not qualify as such an exception. Id. at 13. While plaintiff correctly states the general rule,

12   he fails to address the immense body of caselaw addressing due process requirements for post-

13   judgment remedies, beginning with Endicott–Johnson Corp. v. Encyclopedia Press, Inc., 266

14   U.S. 285 (1924).[10] There, the Supreme Court held that a judgment debtor is not constitutionally

15   entitled to notice and a hearing prior to wage garnishment because the existence of the

16

17   _____

18        [9] The Court recognizes that the letter of the law may not have been strictly followed in plaintiff's
     individual case, but notes that under the facial challenge plaintiff brings, he must show that "the law or

19   policy at issue is unconstitutional in all its applications." Bucklew v. Precythe, 587 U.S. __, 139 S. Ct.
     1112, 117 (2019).

20
          [10] Plaintiff also spends considerable time discussing a recent Eleventh Circuit decision, Resnick

21   v. KrunchCash, LLC., 34 F.4th 1028 (11th Cir. 2022). The Court notes that as an out of circuit case, the
     decision is not binding on this Court. Furthermore, plaintiff misrepresents the conclusions of the

22   Eleventh Circuit. In Resnick, the court was reviewing a district court's dismissal of plaintiff's claims
     under Rule 12(b)(1). Id. at 1034. The district court had found it did not have subject matter jurisdiction

23   over plaintiff's § 1983 claims because they were "wholly insubstantial and frivolous." Id. The Eleventh
     Circuit was thus reviewing plaintiff's complaint under this highly generous standard and found that

24   although the case law identifying due process violations in garnishment procedures all dealt with pre-
     judgment writs of garnishment, "Plaintiffs' deprivation argument [was not] so 'clearly foreclosed' under

25   the caselaw as to defeat the district court's subject matter jurisdiction." Id. at 1035-36. The case does not
     identify violations of due process in post-judgment writs of garnishment.

26

27   ORDER GRANTING DEFENDANTS' MOTION

28   FOR SUMMARY JUDGMENT AND DENYING
     PLAINTIFF'S MOTION FOR DECLARATORY
     RELIEF - 16

underlying judgment was sufficient notice of what would follow. Id. at 288. In Griffin v. Griffin, 327 U.S. 220, 228 (1946), which involved the collection of past-due alimony payments arising out of a divorce decree, the Supreme Court held that a judgment directing issuance of execution for collection of the unpaid alimony violated due process because it had been obtained ex parte and had cut off defenses available to the husband. Substantial debate has arisen over the extent to which Griffin undercuts the holding in Endicott. See, e.g., Morrell v. Mock, 270 F.3d 1090, 1096–97 (7th Cir. 2001); Augustine v. McDonald, 770 F.2d 1442, 1446 n.3 (9th Cir.1985); McCahey v. L.P. Investors, 774 F.2d 543, 547–48 (2d Cir.1985). As discussed above, in light of this debate, courts that have reviewed the constitutional sufficiency of post–judgment procedures and remedies by employing the balancing test summarized in Mathews. Duranceau v. Wallace, 743 F.2d 709, 711 (9th Cir. 1984); Aacen, 944 F.2d at 695; McCahey, 774 F.2d at 548–49; Dionne v. Bouley, 757 F.2d 1344, 1355 (1st Cir. 1985); Finberg v. Sullivan, 634 F.2d 50, 58 (3d Cir. 1980); Brown v. Liberty Loan Corp. of Duval, 539 F.2d 1355, 1365 (5th Cir. 1976).

Here, the judgment debtor clearly has a strong interest in his wages. See Sniadach, 395 U.S. at 340-41. However, under the Washington garnishment statute, a writ of garnishment can only be executed where the creditor "has a judgment wholly or partially unsatisfied judgment in the court from which the garnishment is sought." RCW § 6.27.020(1). Thus, the property interest at issue is the amount the debtor owes the creditor pursuant to a final judgment. While the judgment debtor has a legitimate interest in protecting exempt property or other wrongfully garnished property, he has a fairly weak property interest in properly garnished wages pursuant to a final judgment.

Furthermore, creditors clearly have a strong interest in the recovery of their debt. See Tift v. Snohomish Cty., 764 F. Supp. 2d 1247, 1254 (W.D. Wash. 2011) ("The creditor has a strong interest in prompt and inexpensive satisfaction and collection of the judgment since delay may result in the debtor's disposition of the property or diminution of its value. . . . The debtor has a

ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFF'S MOTION FOR DECLARATORY
RELIEF - 17

1    legitimate interest in protecting exempt property from seizure.") (internal citation omitted). The

2    state likewise has an interest in (1) "providing inexpensive and rapid methods of collecting

3    judgments, as part of its more general interest in ensuring compliance with its laws" and (2) "the

4    efficient use of judicial resources, so they are not wasted in proceedings of little value."

5    McCahey, 774 F.3d at 549.

6          Finally, unlike in pre-judgment deprivation settings, there is no independent fact finding

7    required to issue the writ of garnishment – the garnishment is based on an unsatisfied judgment

8    in the same court. Thus, the risk of erroneous deprivation is minimal. Furthermore, there are

9    numerous safeguards built into the statute. See RCW § 6.27.100, .130, .150, .180, .210, .230.

10   The Court is not persuaded that plaintiff's additional procedures are necessary.[11]

11         In light of the analysis above and the lack of any Ninth Circuit precedent directly on

12   point, the Court joins other circuits in rejecting claims similar to plaintiff's. See, e.g., Dionne,

13   757 F.2d at 1352 ("[I]t is perfectly consistent with Mathews not to require notice or hearing

14   before a post-judgment attachment); McCahey, 774 F.2d at 549-50 ("[The plaintiff] argues that

15   additional procedural protections must be accorded debtors before seizure: specifically notice

16   and a hearing. We disagree... A fortiori, it can hardly be required where the creditor's claim has

17   been finally confirmed by a court, and where the risk that the debtor will conceal assets is

18   _____

19         [11] Defendant also calls on the Court to compare RCW § 6.27 with RCW § 26.18, the Washington
     Child Support Statute. He notes that debtors under this statute receive a fifteen-day notice before the
20   commencement of an action seeking mandatory wage assignment. RCW § 26.18.070. However, unlike
     the garnishment statute, which provides an opportunity for the garnishment debtor to controvert the
21   garnishee's answer, under RCW § 26.18.150 "in a hearing to quash, modify, or terminate the wage
     assignment order or income withholding order, the court may grant relief only upon a showing that the
22   wage assignment order or income withholding order causes extreme hardship or substantial injustice."
     Furthermore, the hearing plaintiff notes in RCW § 26.18.050 is not "a pre-deprivation hearing" at which
23   the debtor "may present his argument against the requested mandatory wage assignment," Dkt. # 162 at
     15, but is actually a "show cause" hearing to provide the obligor with a forum in which to "show cause
24   why the relief requested" – a contempt order – "should not be granted." RCW § 26.18.050(1).
     Accordingly, a close reading of RCW § 26.18 does not compel a conclusion that RCW § 6.27 violates
26   due process.

27   ORDER GRANTING DEFENDANTS' MOTION
28   FOR SUMMARY JUDGMENT AND DENYING
     PLAINTIFF'S MOTION FOR DECLARATORY
     RELIEF - 18

1    stronger than in the pre-judgement context."); <u>Brown</u>, 539 F.2d at 1363 ("[D]ue process of law

2    does not require notice and an opportunity for a hearing on entitlement to the exemption before

3    wages are garnished in accordance with Florida law.").

4    **iii.    Jurisdiction of State Court**

5           Plaintiff also contends that "the lack of pre-deprivation notice has caused state courts to

6    exceed their constitutional and statutory authority when debtors' properties were seized based on

7    judgments that are later determined to be void." Dkt. # 162 at 14. Specifically, he contends that

8    in this case the state court exceeded its authority by (1) allowing garnishment when the

9    underlying judgment had expired; and (2) allowing garnishment when the underlying judgment

10   was invalid because service of process was insufficient. <u>Id.</u>

11          As to his first claim, the Court initially notes that while presented as a facial challenge,

12   plaintiff's claim is better viewed as an as-applied challenge. Specifically, plaintiff notes that "the

13   Defendants in this action caused the state court to exceed its authority when they allowed the

14   garnishment of Yohannes' wages to continue after they discovered that the underlying default

15   judgment had already expired." <u>Id.</u> Assuming the truth of plaintiff's allegations, his underlying

16   claim is not that the procedural structure imposed by the Washington legislature is in some way

17   constitutionally deficient, but that defendants abused the law. As discussed above, any claim that

18   defendants violated state procedures does not validly state a cause of action under § 1983.

19   Furthermore, plaintiff offers no explanation for why the procedural safeguards in the existing

20   statute are insufficient to guard against this potential problem. The Washington statute allows

21   for garnishment debtors to "controvert" the answer of the garnishee. RCW § 6.27.220. If the

22   answer is controverted, "the matter may be noted by any party for hearing before a

23   commissioner or presiding judge for a determination whether an issue is presented that requires

24   a trial." <u>Id.</u> § 6.27.230. Plaintiff fails to explain why the expiration of the underlying judgment

25   could not have been successfully raised in a controversion to the garnishee's answer.

26

27

28   ORDER GRANTING DEFENDANTS' MOTION
     FOR SUMMARY JUDGMENT AND DENYING
     PLAINTIFF'S MOTION FOR DECLARATORY
     RELIEF - 19

1      As to his second claim, it is true that in Washington, a garnishment proceeding is

2   "essentially an ancillary action to the principal suit between a creditor and a debtor." <u>Watkins v.</u>

3   <u>Peterson Enterprises, Inc.</u>, 137 Wn. 2d 632, 638 (1999). "The proceeding is also ancillary in that

4   the court's subject matter jurisdiction is based on the validity of the principal action against the

5   debtor." <u>Id.</u> at 639 (citing <u>Bour v. Johnson</u>, 80 Wn. App. 643 (1996)). Thus, where the court

6   lacked jurisdiction over the principal suit, it would also lose jurisdiction over the garnishment

7   proceeding. The cases cited by plaintiff, <u>Allstate Ins. Co. v. Khani</u>, 75 Wn. App. 317 (1994) and

8   <u>Peralta v. Heights Med. Ctr. Inc.</u>, 484 U.S. 80 (1988), both dealt with plaintiffs who sought to

9   set aside default judgments entered against them on the basis of insufficient service prior to the

10   entry of judgment against them. The Court does not disagree with plaintiff's uncontroversial

11   conclusion that due process does not permit a "judgment that had substantial adverse

12   consequences" for an individual to be entered against them "without proper notice." <u>Peralta</u>,

13   485 U.S. at 900. However, plaintiff again fails to demonstrate why this basic tenet of

14   constitutional law requires a post-judgment hearing in advance of garnishment. Garnishment

15   debtors who believe the underlying judgment against them is invalid can seek to vacate the

16   underlying judgment. <u>See Khani</u>, 75 Wn. App 317. Furthermore, as noted above, garnishment

17   debtors could raise this argument when controverting the garnishee's answer.

18      The Court is not persuaded that plaintiff's additional procedures are necessary to comport

19   with due process.

20   **iv.   Neutral Adjudicator**

21      Finally, plaintiff also argues that "[t]he authority vested [i]n attorneys of judgment creditors

22   in RCW 6.27.020(2) is facially unconstitutional." Dkt. # 162 at 22. RCW § 6.27.020(2) states,

23   "Writs of garnishment may be issued in district court with like effect by the attorney of record

24   for the judgment creditor, and the form of writ shall be substantially the same as when issued by

25   the court except that it shall be subscribed only by the signature of such attorney." Plaintiff

26   argues that this practice is unconstitutional because it allows for a writ to be issued by a party

27

28   ORDER GRANTING DEFENDANTS' MOTION
     FOR SUMMARY JUDGMENT AND DENYING
     PLAINTIFF'S MOTION FOR DECLARATORY
     RELIEF - 20

1   with a "direct, personal, substantial pecuniary interest" in the outcome of the controversy,

2   without oversight from a neutral adjudicator or pre-deprivation process. Dkt. # 162 at 16.

3       Plaintiff argues that all three factors of the Mathews test weigh in favor of the judgment

4   debtor. As to the first factor, he states "the immediate loss of one's wages can lead to eviction,

5   forgoing necessary medical treatments, inability to acquire basic life necessities, and even the

6   forced accrual of additional debt." Dkt. # 162 at 19. As to the second factor, he argues

7   "Washington's garnishment statute does not provide any process, let alone sufficient process, to

8   safeguard an alleged debtor's substantial interest in his wages from erroneous deprivation

9   through garnishment." Id.  As to the third factor, he acknowledges that the government can

10  claim "administrative efficiency" as an interest but argues that any claim is insufficient where

11  the due process afforded is "zero." Id. Plaintiff further contends that the interest of defendants

12  should be "de minimis" because they had "no existing interest" in the property they sought to

13  garnish. Id. at 20. Plaintiff reaches this conclusion by reasoning that any interest defendants had

14  was extinguished when the underlying judgment expired. Id. at 21.

15      Plaintiff raised this argument in his initial motion for summary judgment, and this Court,

16  after conducting a Mathews analysis, ruled against him. Dkt. # 141 at 23-24. The Court remains

17  unpersuaded by plaintiff's arguments. As an initial matter, the due process afforded to

18  garnishment debtors is not, as plaintiff claims, "zero." Post-judgment garnishment debtors have

19  already received the due process protections required to reach a final judgment, they have

20  received notice of the writ of garnishment, and they have an opportunity to "controvert" the

21  answer of the garnishee and seek a hearing. Furthermore, while plaintiff claims the judgment

22  debtors have "no existing interest" in collecting their unsatisfied judgment, he bases this claim

23  on the fact that in *his* case, the underlying judgment expired during the execution of the writ of

24  garnishment. Because plaintiff brings this claim as a facial challenge to the statute, he must

25  show that it is unconstitutional in *any* application. Bucklew, 139 S. Ct. at 117. In its previous

26  Order, the Court found that RCW § 6.27.020 complied with due process:

27
28  ORDER GRANTING DEFENDANTS' MOTION
    FOR SUMMARY JUDGMENT AND DENYING
    PLAINTIFF'S MOTION FOR DECLARATORY
    RELIEF - 21

RCW 6.27.020 passes [the <u>Mathews</u>] test. Debtors have an interest in protecting their property from being erroneously garnished. However, creditors also have an interest in the recovery of their debt. <u>See</u> <u>Tift v. Snohomish Cty.</u>, 764 F. Supp. 2d 1247, 1254 (W.D. Wash. 2011) ("The creditor has a strong interest in prompt and inexpensive satisfaction and collection of the judgment since delay may result in the debtor's disposition of the property or diminution of its value. … The debtor has a legitimate interest in protecting exempt property from seizure.") (internal citation omitted). There are adequate safeguards built into the statute. <u>See</u> RCW 6.27.100, 6.27.130, 6.27.150, 6.27.180, 6.27.210, 6.27.230. The government too has an interest in enforcing the judgments of its own courts. <u>See</u> <u>Brown v. Liberty Loan Corp. of Duval</u>, 539 F.2d 1355, 1363 (5th Cir. 1976). The Court is not persuaded that plaintiff's substitute procedures are necessary.

Dkt. # 141 at 24. The Court re-adopts this reasoning and conclusion here.

## IV.    CONCLUSION

For all the foregoing reasons, defendants' motion for summary judgment (Dkt. # 150) is GRANTED. Plaintiff's motion for declaratory judgment (Dkt. # 162) is DENIED. Plaintiff's motion for leave to file a contemporaneous dispositive motion (Dkt. # 166) is also DENIED.

The Clerk of Court is directed to enter judgment against plaintiff and in favor of defendants.

DATED this 21st day of December, 2022.

Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFF'S MOTION FOR DECLARATORY
RELIEF - 22