UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AKLILU YOHANNES,<br><br>  Plaintiff,<br><br>  v.<br><br>OLYMPIC COLLECTION INC. et al.,<br><br>  Defendants. | CASE NO. 17-cv-00509-JHC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motions in limine (MILs).  Dkt. # 205. The Court has considered the materials filed in support of and in opposition to the motions, the rest of the file, and the governing law.  Being fully advised, the Court ORDERS as follows:

**1.   Plaintiff's Deposition**

The Court DENIES this motion as moot, as the defense represents that they do "not intend to offer into evidence any portion of Plaintiff's deposition transcript."  Dkt. # 212 at 1.  To be sure, the defense may use the transcript to impeach Plaintiff's testimony.

//

//

ORDER - 1

**2.      Debtor History Report.**

The Court DENIES this motion.  But this ruling is without prejudice to Plaintiff's ability to offer a fuller version of the report.  If he seeks to do so at trial, the Court will hear any objections from the defense.

**3.      Blame of Non-Party**

The Court DENIES this motion as moot, as the defense represents that they "will not argue that Mr. Brown was not an agent of OCI at the time in question."  Dkt. # 212 at 3.

**4.      Assignment & Entitlement to Collect Debt**

The Court DENIES this motion, which is unsupported by law.

**5.      Ninth Circuit Mandate**

The Court GRANTS this motion in part.  As Plaintiff says, the Ninth Circuit did not limit its ruling to only the corporate entity, but instead reversed and remanded the as-applied due process claim for trial without distinguishing between the Defendants.  *See Yohannes v. Olympic Collection Inc.*, 2024 WL 3770315 (9th Cir. Aug. 13, 2024), *cert. denied*, 145 S. Ct. 1960 (2025), *and cert. denied*, 145 S. Ct. 1962 (2025).  The scope of the Ninth Circuit's ruling was on the claims at issue, not the parties against whom the claims were brought.  *See id.*  Further, none of the previous rulings that Defendants rely on make a finding distinguishing between the corporate entity and individual Defendants concerning the as-applied due process claim.  *See* Dkt. ## 141, 168, 200; *see also* Dkt. # 32 at 39-40 (bringing constitutional due process claims against all Defendants).

ORDER - 2

The Court RESERVES on Plaintiff's remaining requests in this motion.

Dated this 21st day of May, 2026.

John H. Chun
United States District Judge

ORDER - 3