The Honorable John H. Chun
Pretrial Conference: May 22, 2026, 9:00 a.m.

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

SEATTLE DIVISION

| | |
|---|---|
| AKLILU YOHANNES,<br><br>          Plaintiff,<br><br>     v.<br><br>OLYMPIC COLLECTION, INC. (OCI);<br>FAROOQ ANSARI; SUSAN CABLE;<br>NORMAN L. MARTIN,<br><br>          Defendants. | Case No. 2:17-cv-00509-JHC<br><br>**PRETRIAL ORDER** |

## JURISDICTION

Jurisdiction is vested in this court by virtue of: Plaintiff alleges a federal question under 28 U.S.C. § 1331, and civil rights jurisdiction under § 1343 because Plaintiff seeks relief under 42 U.S.C. § 1983.

## CLAIMS AND DEFENSES

Plaintiff contends that liability on his 42 U.S.C. § 1983 claims has been established by the Ninth Circuit's ruling and that the remaining issue for jury trial is the determination of damages to be awarded against Defendants. Plaintiff seeks compensatory damages, including damages for emotional distress, reputational harm, humiliation, and financial losses caused by Defendants' conduct. Plaintiff also seeks punitive damages against the Defendants to the extent

Page 1 -  **PRETRIAL ORDER**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: 503-323-9000
Facsimile: 503-323-9019

permitted by law, together with costs, interest, and any additional relief the Court deems just and proper.

Plaintiff further seeks to present evidence at trial to establish that Defendants engaged in intentional, reckless, wanton, and reprehensible conduct in connection with their debt collection and garnishment activities. Plaintiff intends to present evidence, including Defendants' own records, deposition testimony, disclosures, and communications produced in this action, demonstrating that many of the facts the defendants declined to include in the proposed pretrial order were previously admitted by Defendants or are otherwise supported by Defendants' own business records.

Plaintiff contends that Defendants intentionally changed Plaintiff's address in their records to an incorrect address despite possessing records reflecting Plaintiff's correct address, and thereafter caused court process and collection correspondence to be sent to addresses known or reasonably believed to be incorrect, including correspondence returned by the United States Postal Service as undeliverable. Plaintiff will also present evidence that the purported assignment of claims was fraudulent, lacked authorization from the original creditor, and has been denied by the original creditor. Plaintiff will prove that the state court default judgment was obtained without valid service of process and without affording him constitutionally required opportunity to appear and defend.

Plaintiff will seek to present evidence Defendants intentionally abused the garnishment process by pursuing garnishment after learning of substantial irregularities concerning the judgment and garnishment proceedings, including evidence that the judgment had expired, irregularities concerning service of process, and defects in the garnishment record. Plaintiff contends that Defendants nevertheless continued execution of the garnishment and continued communications with Department of the Interior personnel in an effort to maintain enforcement of the garnishment.

Page 2 -  **PRETRIAL ORDER**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: 503-323-9000
Facsimile: 503-323-9019

Plaintiff further contends that Defendant Martin abused the governmental authority delegated to him under Washington's garnishment statute by issuing and enforcing writs of garnishment without adequate safeguards, oversight, or verification of the validity of the underlying judgment and garnishment process. Plaintiff further contends that attorney responsibilities and legal authority were improperly delegated to nonlawyer OCI staff, including the use of attorney signature stamps and actions undertaken by OCI personnel acting under purported legal authority.

Plaintiff will present proof that Defendants intentionally engaged in conduct damaging Plaintiff's reputation, including garnishment-related actions directed toward Plaintiff's workplace and employer despite Defendants' knowledge of irregularities associated with the judgment and garnishment proceedings. Plaintiff seeks damages for injury to reputation, humiliation, embarrassment, emotional distress, and related harms resulting from Defendants' violation of his constitutional right for due process of law and 42 U.S.C. § 1983.

Plaintiff further contends that the conduct at issue in this case reflects broader debt collection and garnishment practices employed by Defendants and that such practices present a danger to vulnerable members of the community by permitting the exercise of substantial state-conferred collection powers without adequate procedural safeguards or accountability.

Plaintiff further seeks an adverse inference jury instruction permitting the jury to infer that missing evidence, unavailable or destroyed documents, and the absence of testimony from witnesses under Defendants' control—including the process server, OCI employees, the purported "financial coordinator" who signed the alleged assignment of claims for collection, and representatives or witnesses from the original creditor—would have been unfavorable to Defendants. Plaintiff further contends that the evidence will support adverse inferences arising from alleged fraudulent asset transfers and successor transactions undertaken during the pendency of this litigation, and Plaintiff seeks to establish that any successor-in-interest entities involved in such transactions are equally liable for any judgment entered in this action.

Page 3 -  **PRETRIAL ORDER**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: 503-323-9000
Facsimile: 503-323-9019

Plaintiff further intends to present evidence regarding the actions he undertook to protect himself from Defendants' conduct and to mitigate the harm caused by their actions, including his prompt disputes of the alleged debt, efforts to obtain court records and information concerning the garnishment proceedings, communications with Defendants and government personnel regarding irregularities in the garnishment process, and written demands requesting corrective action. Plaintiff contends that such evidence demonstrates his diligence, good faith efforts to protect his legal rights, and the reasonableness of his responses to Defendants' conduct.

The defendant will pursue the following affirmative defenses and/or claims: Defendant complied with the law regarding attempting to serve Plaintiff with the garnishment writ; Plaintiff was not harmed by OCI's conduct; Plaintiff's damages (if any) were caused by his own actions or failures to act; and Plaintiff failed to mitigate his damages (if any).

ADMITTED FACTS

The following facts are admitted by the parties:

1.      Plaintiff Aklilu Yohannes is an employee of the United States Department of Transportation, Federal Aviation Administration.

2.      Defendant Olympic Collection Inc. ("OCI") was a Washington-registered collection agency. Defendant Farooq Ansari was the president and owner of OCI and had managerial responsibility for OCI's operations.

3.      Defendant Susan Cable was the general manager of OCI during the events at issue and had managerial responsibility for OCI's operations.

4.      Defendant Attorney Norman L. Martin was counsel for OCI during the events at issue and was attorney of record for OCI in the underlying state court action.

5.      In January 2006, OCI sent Yohannes a collection letter demanding payment of $389.03 plus interest of $116.56.  (Defendant admits but disputes admissibility as irrelevant.)

6.      OCI claimed it had acquired the alleged debt through an assignment for collection from Baker Dental Implants and Periodontics ("Baker Dental").

Page 4 -   **PRETRIAL ORDER**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: 503-323-9000
Facsimile: 503-323-9019

7.    On March 1, 2006, OCI, through attorney Martin, filed suit against Yohannes in Snohomish County District Court ("State Court"), alleging that the debt had been assigned to OCI from Baker Dental. *ECF 50, Page 4. ECF 70-1, Page 1*

8.    Later that month, OCI's process server informed OCI and Martin that the address provided for Yohannes was an incomplete address for a multi-unit apartment building in Mukilteo. *ECF 50, Page 7.*

9.    Upon receipt of the process server's declaration, OCI staff noted that the declaration alleged service on Yohannes at 11905 Highway 99, Everett, Washington 98204, and identified that address as not being Yohannes's place of abode. *ECF 112-1, Page 18, @56.* (Defendant admits but disputes admissibility as irrelevant.)

10.    On May 1, 2006, a default judgment in the amount of $801.72 was entered against Yohannes in Snohomish County District Court. *ECF 70-1, Page 2.*

11.    The judgment amount included interest of $129.69 on a principal amount of $389.03, calculated from January 5, 2006, through the filing date of the motion for default judgment. *ECF 70-1, Page 2.* (Defendant admits but disputes admissibility as irrelevant.)

*12.*    In June 2006, Martin issued a writ of garnishment to The Boeing Company identifying Yohannes as the defendant. *ECF 112-1, Page 26, @78.* (Defendant admits but disputes admissibility as irrelevant.)

13.    Around August 8, 2006, Defendants made a telephone inquiry to Boeing Payroll regarding the writ of garnishment. *ECF 112-1, Page 37, @93.* (Defendant admits but disputes admissibility as irrelevant.)

14.    Boeing informed Defendants that it had no employment record for Yohannes. *ECF 112-1, Page 37, @94* (Defendant admits but disputes admissibility as irrelevant.)*.*

15.    Defendants demanded that Boeing file an answer to the writ of garnishment with the State Court. (Defendant admits but disputes admissibility as irrelevant.)

Page 5 -   **PRETRIAL ORDER**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: 503-323-9000
Facsimile: 503-323-9019

16.     Defendants further advised Boeing that they would seek entry of judgment against Boeing if it failed to answer the writ. (Defendant admits but disputes admissibility as irrelevant.)

17.     Around September 27, 2006, Boeing sent OCI an answer to the writ of garnishment stating that it had no employment record for Yohannes. *ECF 112-1, Page 38, @97.* (Defendant admits but disputes admissibility as irrelevant.)

18.     In March 2014, Defendants again contacted Boeing seeking information regarding Yohannes and asserting that they possessed a valid judgment against him. *ECF 112-1, Page 48, @120.* (Defendant admits but disputes admissibility as irrelevant.)

19.     On September 17, 2015, Defendants determined that Yohannes was employed by the United States Department of Transportation. *ECF 112-1, Page 48, @121.* (Defendant admits but disputes admissibility as irrelevant.)

20.     On the same day, Ansari noted that the default judgment against Yohannes would expire on May 1, 2016.  *ECF 110, Page 3, @7.* (Defendant admits but disputes admissibility as irrelevant.)

*21.*     In November 2015, Defendants caused a writ of garnishment to be served on Boeing. *ECF 112-1, Page, 49, @124.* (Defendant admits but disputes admissibility as irrelevant.)

22.     In November 2015, Boeing responded to the writ, stating that it had no employment record for Yohannes. Judicially noticed State Court case file *ECF 70-1, Page 3-5, ECF 50, Page 1, entry for 12/3/2015.* (Defendant admits but disputes admissibility as irrelevant.)

23.     On April 6, 2016, OCI filed a writ of garnishment against Yohannes's wages, and the writ was served on Yohannes's employer. *ECF 70-1, Page 8 – 11. ECF 50, Page 3, entry for 4/6/2016.*

24.     Around April 22, 2016, Yohannes's employer filed its answer to the writ of garnishment. *ECF 70, Page 12 – 14. ECF 50, Page 3, entry for 4/22/2016.*

25.     On May 1, 2016, the default judgment against Yohannes expired.

Page 6 -   **PRETRIAL ORDER**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: 503-323-9000
Facsimile: 503-323-9019

26. In response to the writ of garnishment, Yohannes's employer withheld $673.71 from his wages that were due the first week of May 2016.

27. After retaining a $50.00 garnishment processing fee, Yohannes's employer remitted $623.72 to the State Court. The State Court received the payment on May 9, 2016, and endorsed and forwarded the check to OCI. *ECF 21-1, Page 2, entry for 05/09/2016.*

*28.* Defendants deposited the garnished funds into their account. *ECF 112-1, Page 74, @172. ECF 50, Page 21, entry for 05/20/2016.*

29. Around May 11, 2016, the State Court informed Yohannes, that the state court case file had been sent for destruction after expiration of the judgment. *ECF 21-1, Page 2, entry for 05/11/2016.*

30. Neither Yohannes nor OCI requested destruction of the file. *ECF 174, Page 3, Note 1.*

31. A note in OCI's Debtor History Report states that Martin advised Cable that the judgment should have been renewed within 90 days before expiration. *ECF 49-2, Page 1, entry for 05/16/2016.* (Defendant admits but disputes admissibility as irrelevant and unfairly prejudicial under FRE 403.)

32. Another note entered by Cable in the Debtor History Report states: "PER LEE, WE HAVE TO RELEASE THE JUDGMENT BECAUSE THE JUDGEMENT EXPIRED PRIOR TO COMPLETIONS, AND SO WE ARE NOT ENTITLED TO ENTER THE JOA, AS NO [JUDGMENT] IS IN FORCE." *ECF 49-2, Page 1, entry for 05/16/2016.* (Defendant admits but disputes admissibility as irrelevant and unfairly prejudicial under FRE 403.)

33. In the Debtor History Report, Martin is identified as "Lee." (Defendant admits but disputes admissibility as irrelevant.)

34. On May 24, 2016, Ansari entered a note in the Debtor History Report stating: "I AM NOT COMFORTABLE ON THIS, NEED TO RELEASE GARN AND REFUND THE GARNISHMENT, I THINK IT COULD RESULT IN A LAWSUIT AGAINST US QUITE

Page 7 - **PRETRIAL ORDER**

EASILY." *ECF 50, Page 21, entry for 05/24/2016.*  (Defendant admits but disputes admissibility as irrelevant and unfairly prejudicial under FRE 403.)

35.     Ansari directed that the writ of garnishment be released as soon as possible. *ECF 50, Page 21, entry for 05/24/2016.*

36.     OCI staff thereafter issued a release of garnishment bearing Martin's stamped signature. *ECF 50, Page 69.* (Defendant admits but disputes admissibility of the fact that the signature was "stamped" as irrelevant.)

37.     A copy of the release of garnishment bearing Martin's stamped signature was faxed to Yohannes's employer the same day from the fax number of the Law Office of Michael S. O'Meara, P.S. (Defendant admits but disputes admissibility of the fact that the signature was "stamped" and that it came from the O'Meara office as irrelevant.)

38.     OCI filed a copy of the release in Snohomish County District Court on May 26, 2016. ECF 50, Page 31, entry for 05/26/2016.

39.     Yohannes filed this action on March 13, 2017.

ISSUES OF LAW

**Defendants' position**: The following are the issues of law to be determined by the court: Did Washington law (specifically RCW chapter 6.27) provide a meaningful post-deprivation remedy to Plaintiff?  Is OCI a "state actor" for purposes of 42 U.S.C. § 1983?  In response to Plaintiff's arguments below, Defendant further denies and opposes Plaintiff's attempts to add new parties, claims, and issues to the case at the eleventh hour before trial.

**Plaintiff's response on the Defendants' Position**: Defendants previously acknowledged that "the Ninth Circuit found … the statute permitting a writ of garnishment to be issued in district court by the attorney of record for the judgment creditor rises to the level of state action by the private party." ECF 204, Page 2, Line 16. The Ninth Circuit further explicitly stated: "We also reiterate that there was state action in this case." Quoting North Georgia Finishing, Inc. v. Di-Chem, Inc., 419 U.S. 601, 607–08 (1975), the Ninth Circuit explained that due process

Page 8 -   **PRETRIAL ORDER**

protections apply when a state statute permits issuance of a writ of garnishment at the request of a private party "without participation by a judge." Under Washington law, RCW chapter 6.27 permits attorneys of record for judgment creditors in district court actions to issue writs of garnishment without participation by a judge or other neutral judicial officer. Quoting Brentwood Academy v. Tennessee Secondary School Athletic Ass'n, 531 U.S. 288, 300–02 (2001), the Ninth Circuit determined that such delegation of exclusive public authority constitutes state action for purposes of 42 U.S.C. § 1983. Accordingly, whether OCI and the individual Defendants acted under color of state law is no longer a disputed issue for determination at trial.

**Plaintiff's position**

The Ninth Circuit has ruled, OCI and the individual Defendants (Farooq Ansari, Susan Cable, Norman L. Martin) acted under color of state law when they caused deprivation of Yohannes property using writs of garnishment that was issued without participation by a judge or other neutral judicial officer, and remanded the case for remand for trial of these claims. The case therefore proceeds to trial for determination of damages on Plaintiff's due process claims against all Defendants.

Plaintiff contends that recent transfers of assets from Defendant Olympic Collection Inc. to Olympic Collections Service Inc. and related persons or entities raise questions of successor liability and transfer of interest that must be resolved by the Court under Federal Rule of Civil Procedure 25(c) and applicable Washington law.  To this effect, Plaintiff has filed Motion for Joinder of Successor Entities and Preliminary Injunction, ECF 206, that needs to be resolved by the court before the trial.

Accordingly, Plaintiff requests that the Court determine:

1. whether Olympic Collections Service Inc., the Law Office of Michael S. O'Meara, P.S., Michael S. O'Meara, Michelle Dougherty, or any related entity or individual are successors-in-interest to OCI for purposes of this action;

Page 9 -   **PRETRIAL ORDER**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: 503-323-9000
Facsimile: 503-323-9019

2. whether joinder under Rule 25(c) is appropriate;

3. whether any transfers of assets or business operations were fraudulent transfers intended to hinder Plaintiff's ability to recover on any judgment entered in this action; and

4. whether such successor entities or transferees should be held responsible for any judgment entered against the defendants in this case.

EXPERT WITNESSES

(a) No party may testify as an expert or have their testimony characterized as expert testimony.

(b) No experts were disclosed by either party.

(c) Plaintiff contends that to the extent new evidence has emerged and continues to emerge—such as potential transfers of assets or successor liability issues—Plaintiff should not be categorically barred from identifying new expert witnesses where any delay is substantially justified or is harmless under Rule 37(c)(1).  Defendant disagrees with Plaintiff and contends that no expert testimony may be permitted at trial.

OTHER WITNESSES

The names and addresses of witnesses, other than experts, to be used by each party at the time of trial and the general nature of the testimony of each are:

(a)    On behalf of Plaintiff, Aklilu Yohannes will testify personally. Yohannes also requires the in-person testimony of each of the individual Defendants—Farooq Ansari, Susan Cable, and Norman L. Martin—regarding OCI's and their respective actions and involvement in the events at issue, including as adverse witnesses if necessary. Asalifew Mengistu may testify regarding the manner in which Defendants' actions negatively impacted Plaintiff, including causing Plaintiff to be subjected to distrust, disgrace, and damage to his relationships with others. Ivan Li may testify regarding the manner in which Defendants' actions injured Plaintiff's reputation in his workplace. Ivan Li may request to testify remotely. Defendant objects to

Page 10 - **PRETRIAL ORDER**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: 503-323-9000
Facsimile: 503-323-9019

testimony from Asalifew Mengistu and Ivan Li on the grounds that they were never disclosed as possible witnesses and therefore Plaintiff cannot call them at trial.

(b)     On behalf of defendant: Farooq Ansari will testify personally and as the representative of OCI regarding his and OCI's actions and business records regarding the garnishment activities at issue; Norman Martin may testify by deposition regarding his actions and his knowledge of the garnishment activities at issue; and Susan Cable may testify regarding her actions and her knowledge of the garnishment activities at issue.  Mr. Ansari, Mr. Martin, and Ms. Cable are reachable care of their counsel at 900 SW Fifth Avenue, 24th Floor, Portland, Oregon.

## EXHIBITS

Identify each exhibit with a number, which becomes the number for the exhibit at the trial and appears on the exhibit tag with the following information in table format:

| Plaintiff's Exhibits | | | | | |
|---|---|---|---|---|---|
| Ex. # | Description | Authenticity | Admissibility | Objection | Admitted |
| 1 | Response of Dr. David A. Baker for the Request for Production. ECF 112-2. | Stipulated | Disputed | 402; 403; 802 | |
| 2 | Letter Yohannes sent OCI in 2006 disputing the alleged debt before the filing of the state court action. *ECF 32-2* | Stipulated | Disputed | 402; 403 | |

Page 11 - **PRETRIAL ORDER**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: 503-323-9000
Facsimile: 503-323-9019

| 3 | Judicially noticed state court docket and case file. ECF 21-1 and ECF 70-1. | Stipulated | Disputed | 402; 403 | |
|---|---|---|---|---|---|
| 4 | Writs of Garnishment the Defendants served on The Boeing Company. | Stipulated | Disputed | 402; 403 | |
| 5 | Full record of the Defendants Initial Disclosures with Debtor History Report showing records of Contemporaneous Notes the Defendants kept concerning Yohannes. *ECF 50 and ECF 49-2.* | Stipulated | Disputed | 402; 403 | |
| 6 | Defendants' Fourth Amended Response to the Requests for Production. *ECF 112-1.* | Stipulated | Disputed | 402; 403 | |

Page 12 - **PRETRIAL ORDER**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: 503-323-9000
Facsimile: 503-323-9019

| Ex. # | Description | | | | |
|---|---|---|---|---|---|
| 7 | Declaration of Defendant Farooq Ansari. *ECF 110* | Stipulated | Disputed | 402; 403 | |
| 8 | Exhibits filed with Plaintiff's Motion for Joinder if Successor Entities and Preliminary Injunction. ECF 206. | Disputed | Disputed | 402; 403; 802 | |
| 9 | Yohannes' May 23, 2016 letter to the Defendants. | Stipulated | Stipulated | | |
| 10 | Yohannes' June 18, 2016 letter to the Defendants. | Stipulated | Disputed | 402; 403 | |
| 11 | Impeachment Exhibit | | | | |
| 12 | Impeachment Exhibit | | | | |
| 13 | Impeachment Exhibit | | | | |
| 14 | Impeachment Exhibit | | | | |
| 15 | Impeachment Exhibit | | | | |
| 16 | Impeachment Exhibit | | | | |
| | | | | | |

| Defendant's Exhibits | | | | | |
|---|---|---|---|---|---|
| Ex. # | Description | Authenticity | Admissibility | Objection | Admitted |

Page 13 - **PRETRIAL ORDER**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: 503-323-9000
Facsimile: 503-323-9019

| 501 | Baker Dental Patient Ledger | Disputed | Disputed | MIL, 106 | |
|---|---|---|---|---|---|
| 502 | Assignment of Claims | Disputed | Disputed | MIL, 106 | |
| 503 | Summons, Complaint, Certificate of Service, and Default Judgment from Snohomish County District Court | Stipulated | Disputed | 106 | |
| 504 | Returned mail envelope from June 2006 | Stipulated | Disputed | 106 | |
| 505 | Writ of Garnishment filed April 6, 2016 | Stipulated | Disputed | 106 | |
| 506 | Returned mail envelope from April 2016 | Stipulated | Disputed | 106 | |
| 507 | Answer to Writ of Garnishment from DOI | Stipulated | Disputed | 106 | |
| 508 | Release of Writ of Garnishment and cover letter to Plaintiff | Stipulated | Disputed | 106 | |
| 509 | Release of Writ of Garnishment and fax cover sheet to DOI | Stipulated | Disputed | 106 | |

Page 14 - **PRETRIAL ORDER**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: 503-323-9000
Facsimile: 503-323-9019

| | | | | | |
|---|---|---|---|---|---|
| 510 | Copy of refund check to Plaintiff | Stipulated | Disputed | 403 | |
| 511 | AUD sent to credit reporting agencies | Disputed | Disputed | F | |
| 512 | Release of Writ of Garnishment as filed | Stipulated | Disputed | 106 | |
| 513 | Excerpt of Debtor History Report | Stipulated | Disputed | 106 | |
| 514 | Plaintiff's Third Amended Initial Disclosures | Stipulated | Stipulated | | |
| 515 | Impeachment Exhibit | | | | |
| 516 | Impeachment Exhibit | | | | |
| 517 | Impeachment Exhibit | | | | |
| 518 | Impeachment Exhibit | | | | |
| 519 | Impeachment Exhibit | | | | |
| 520 | Impeachment Exhibit | | | | |
| 521 | Impeachment Exhibit | | | | |

The Parties' Objection Code:

| | |
|---|---|
| E | Exhibit is objectionable because it constitutes attempted expert testimony from a person who was not designated as an expert (Fed. R. Civ. P. 26) |
| F | Lack of foundation |
| MIL | Subject of Motion in Limine |

Page 15 - **PRETRIAL ORDER**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: 503-323-9000
Facsimile: 503-323-9019

In the Authenticity and Admissibility columns, indicate "Stipulated" or "Disputed". If "Disputed", identify the objection in the Objection column. An objection based on a Fed. R. Evid. should reference the rule number; additional objections should be referenced by a code that the parties include with the exhibit list. The "Admitted" column is for use by the Court. (No party is required to list any exhibit which is listed by another party, or any exhibit to be used for impeachment only. See LCR 16 for further explanation of numbering of exhibits).

ACTION BY THE COURT

(a)     This case is scheduled for trial before a jury on June 8, 2026, at 10:30 a.m.

(b)     Trial briefs shall be submitted to the court on or before June 1, 2026.

(c)     Jury instructions requested by either party shall be submitted to the court on or before June 1, 2026. Suggested questions of either party to be asked of the jury by the court on voir dire shall be submitted to the court on or before June 1, 2026.

(d)     Deposition designations must be submitted to the court (not filed on CM/ECF) on or before May 20, 2026.

(e)     The pretrial conference is scheduled for May 22, 2026 at 9:00 a.m.

This order has been approved by the parties as evidenced by the signature of the Plaintiff on his behalf and the signature of the Defendant's counsel. This order shall control the subsequent course of the action unless modified by a subsequent order. This order shall not be amended except by order of the court pursuant to agreement of the parties or to prevent manifest injustice.

DATED this 22nd day of May, 2026.

_____
Honorable John H. Chun
United States District Judge

**Page 16 - PRETRIAL ORDER**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: 503-323-9000
Facsimile: 503-323-9019

FORM APPROVED


*s/ Akililu Yohannes*
Aklilu Yohannes
Plaintiff *Pro Se*


*s/ Timothy J. Fransen*
Timothy J. Fransen, WSBA No. 51110
Attorney for Defendant

Page 17 - **PRETRIAL ORDER**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: 503-323-9000
Facsimile: 503-323-9019

**CERTIFICATE OF SERVICE**

I hereby certify that I served a true and correct copy of the foregoing **PRETRIAL ORDER** on the date indicated below by:

☐        mail with postage prepaid, deposited in the US mail at Portland, Oregon,

☐        hand delivery,

☐        facsimile transmission,

☐        overnight delivery,

☒        electronic filing notification.

If served by facsimile transmission, attached to this certificate is the printed confirmation of receipt of the documents generated by the transmitting machine.  I further certify that said copy was placed in a sealed envelope delivered as indicated above and addressed to said attorney at the address listed below:

Aklilu Yohannes
19410 Highway 99, Ste. A
PMB 236
Lynnwood, WA 98036
aklilu.yohannes.g@gmail.com
        Plaintiff *Pro Se*

DATED: May 18, 2026

_s/ Timothy J. Fransen_____
Timothy J. Fransen

Page 1 – **CERTIFICATE OF SERVICE**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019