UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AKLILU YOHANNES,<br><br>Plaintiff,<br><br>v.<br><br>OLYMPIC COLLECTION INC. et al.,<br><br>Defendants. | CASE NO. 17-cv-00509-JHC<br><br>**COURT'S PROPOSED COURSE OF TRIAL JURY INSTRUCTIONS** |

**PROPOSED COURSE OF TRIAL JURY INSTRUCTIONS**

The parties will be permitted to take exception to these instructions on the first day of trial.

Dated this 25th day of August, 2026.

John H. Chun
United States District Judge

**COURSE OF TRIAL INSTRUCTION NO. 1**

**Deposition in Lieu of Live Testimony**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of Norman Martin was taken on April 9, 2019. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Ninth Circuit Model Jury Instruction – 2.5

**COURSE OF TRIAL INSTRUCTION NO. 2**

**Use of Interrogatories**

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

Ninth Circuit Model Jury Instruction – 2.12

**COURSE OF TRIAL INSTRUCTION NO. 3**

**Use of Requests for Admission**

Evidence was presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

Ninth Circuit Model Jury Instruction – 2.13

## COURSE OF TRIAL INSTRUCTION NO. 4

### Cautionary Instructions

*At the End of Each Day of the Case:*

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the Internet or your social media feeds.

*At the Beginning of Each Day of the Case:*

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

Ninth Circuit Model Jury Instruction – 2.1