UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AKLILU YOHANNES,<br><br>Plaintiff,<br><br>v.<br><br>OLYMPIC COLLECTION INC. et al.,<br><br>Defendants. | CASE NO. 17-cv-00509-JHC<br><br>ORDER |

At the August 21, 2026, pretrial conference in this matter, the parties told the Court that there was some dispute as to which issues remain pending. *See* Dkt. # 238. The Court requested briefing of no more than five pages addressing what issues are to be tried. *See id*. The Court now responds to the parties' briefing.

According to Plaintiff, the following questions have already been decided: "(1) whether there was state action; (2) whether the Defendants complied with the statutory notice requirements addressed by the Ninth Circuit; [and] (3) whether the remanded as-applied due-process claim is limited to OCI rather than all Defendants." Dkt. # 245 at 4. And so, he says, the only issues for trial are causation and damages. *See id.*

In contrast, Defendants' position is that "no elements" of Plaintiff's remaining claim against Defendants have been established. Dkt. # 246 at 1. And so, they say, Plaintiff must prove causation, damages, *and liability* at trial. *See id.* Defendants also contend that the issues of whether a default judgment was validly entered in Snohomish County District Court on May 1, 2006 and whether Plaintiff originally owed a debt to Baker Dental Implants and Periodontics have already been decided. *Id*. at 4.

The Court addresses each issue in turn below.

*(1) State Action*

The state action issue has already been conclusively determined. Per the Ninth Circuit, "Olympic Collection is appropriately characterized as a state actor because '[t]he nominally private character of [Olympic Collection] is overborne by the pervasive entwinement of [the state court].'" Dkt. # 174 at 4 (quoting *Brentwood Acad. v. Tennessee Secondary Sch. Athletics Ass'n*, 531 U.S. 288, 298 (2001)). And on the last page of the opinion, the Ninth Circuit "reiterate[d] that there was state action in this case." *Id*. at 6. Further, unlike the statements discussed below, there is no mention of the summary judgment standards or any other phrasing in the sections of the Opinion discussing state action that would allow the Court to interpret the Ninth Circuit's statement—"there was state action in this case"—to mean anything other than "there was state action."

The Court thus concludes that state action has already been decided. And so the parties shall not attempt to relitigate this issue at trial.

*(2) Statutory Notice Requirements*

The issue of whether Defendants complied with the statutory notice requirements has not been conclusively determined. On appeal, the question before the Ninth Circuit was not whether Defendants violated Plaintiff's constitutional rights; it was whether The Honorable Robert S.

Lasnik erred in concluding that Defendants did not violate Plaintiff's constitutional rights as a matter of law. Likewise, the Ninth Circuit's task on appeal was not to determine whether Defendants complied with Washington State's statutory notice requirements; its task was to determine whether Plaintiff presented a genuine dispute of material fact as to whether Defendants had complied.

In accordance with this procedural posture, the Ninth Circuit did not conclude that Plaintiff's constitutional rights were violated; it concluded that Plaintiff "has raised a genuine dispute of fact regarding whether [Defendants' actions] go beyond mere 'misuse or abuse of the statute,' and are attributable to the unconstitutional 'procedural scheme created by the statute.'" Dkt. # 174 at 3–4 (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 941–42 (1982)). And in discussing Defendants' actions in the first portion of the opinion, the Opinion does not say that Defendants *did not* comply with the statute; it just says that Defendants have not offered proof to establish that they *did* comply with the statute as a matter of law. In other words, it indicates that there is a genuine factual dispute that should be decided by a jury, not by a court on a summary judgment motion.

The Court is also not convinced that the statement—"Olympic Collection sought to establish compliance with this constitutional obligation by representing that it had complied with the Washington statute, but it did not comply with the statute, as recognized by the district court"—is to the contrary. Dkt. # 174 at 5. First, unlike the liability-related statements at the beginning of the opinion, this statement appears in the portion of the opinion addressing Judge Adelman's partial dissent. *See id*. It thus would be an odd place for the Ninth Circuit to announce that Plaintiff has conclusively proven a statutory violation. Second, the statement is preceded by an acknowledgment that Plaintiff "raised a claim" and Defendants "sought to establish compliance with this constitutional obligation by representing that it had complied with

the Washington statute"—phrasing that indicates that liability is not conclusively established. *Id.* Finally, the Ninth Circuit's statement is in reference to something the district court purportedly did. But a careful review of Judge Lasnik's Order indicates that the district court never "recognized" noncompliance; the Order recognizes that the record does not conclusively prove compliance and then states, "whether or not defendants successfully complied with the state statute need not be resolved to rule on this motion." Dkt. # 168 at 10.

Accordingly, the Court concludes that the issues of statutory compliance and liability are still very much alive in this action, and so the parties shall thus be permitted to raise these issues before the jury.

*(3) Defendants*

The issue of whether the remanded, as-applied due-process claim involves just OCI or all Defendants has already been decided. Such issue was raised in Plaintiff's Motion in Limine and resolved by the Court in Plaintiff's favor. *See* Dkt. ## 205 at 7–9; 218 at 2. The parties shall thus refrain from attempting to relitigate this issue before the jury.

*(4) Default Judgment & Plaintiff's Debt*

The issues of whether the Snohomish County District Court's May 1, 2006 default judgment was validly entered and whether Plaintiff originally owed a debt to Baker Dental Implants and Periodontics have already been decided. *See* Dkt. # 109-1. The parties shall thus refrain from attempting to relitigate these issues before the jury.

Dated this 26th day of August, 2026.

John H. Chun
United States District Judge