UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AKLILU YOHANNES,<br><br>Plaintiff,<br><br>v.<br><br>OLYMPIC COLLECTION INC. et al.,<br><br>Defendants. | CASE NO. 17-cv-00509-JHC<br><br>ORDER |

This matter comes before the Court on Plaintiff's "Motion for Reconsideration of ECF 279." Dkt. # 281.

Reconsideration is an "extraordinary remedy" and is generally disfavored. *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *see also* LCR 7(h)(1) ("Motions for reconsideration are disfavored."). District courts thus ordinarily deny motions for reconsideration "unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence." *Munoz v. Locke*, 2013 WL 12177035, at *2 (W.D. Wash. Feb. 8, 2013) (citing LCR 7(h)(1)). "'[M]anifest error' is 'an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record.'"

*Id.* (quoting *Black's Law Dictionary* (9th ed. 2009)). "Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision." *Id.*

Plaintiff has not met the standard for reconsideration. Plaintiff's motion raises many of the same arguments that the Court considered, and then rejected, in its Order at Dkt. # 279. *See generally* Dkt. ## 279, 276, & 281. And the Court finds no manifest error in its prior ruling or any facts or legal authority that would warrant a different outcome. The Court also notes that it disagrees with Plaintiff's position that the stipulated facts from the Pretrial Order create a genuine dispute of material fact that would preclude the Court from entering judgment as a matter of law in favor of Defendants.[1]

Accordingly, the Court DENIES Plaintiff's Motion (Dkt. # 281).

Dated this 16th day of November, 2026.

John H. Chun
United States District Judge

[1] For the avoidance of doubt, the Court confirms that in stating that it would not consider facts from the pretrial filings, *see* Dkt. # 279 at 3 n.1, it did not mean to imply that it would overlook any relevant stipulated facts or binding judicial admissions in the record. It meant to say that, contrary to Plaintiff's position, the Pretrial Order does not "expressly control[ ] the action[,]" *see* Dkt. # 276 at 4, as the admitted facts in the Pretrial Order do not provide a legal basis to rule in Plaintiff's favor. Nor does the Court find it proper to draw Plaintiff's proposed inferences based on those facts, as such inferences are tenuous, contradict evidence presented at trial, and would essentially give Plaintiff a second bite at the apple. *See, e.g.*, *Nat'l Prods., Inc. v. Gamber-Johnson LLC*, 734 F. Supp. 2d 1160, 1167 (W.D. Wash. 2010), *aff'd*, 449 F. App'x 638 (9th Cir. 2011) ("The court will not reopen the record simply because the movant 'failed to prove his strongest case' and wants 'a second opportunity to litigate a point, to present evidence that was available but not previously offered, or to advance new theories.'"); *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 227 (9th Cir. 1988) (concluding that "[t]he district court did not abuse its discretion by refusing to treat [a statement in a trial brief] as a binding judicial admission" at the motion for new judgment stage because the plaintiff had the opportunity to introduce the admission into evidence at trial but chose not to).